DAVID DUNHAM v. BALTIMORE & OHIO SOUTHWESTERN RY.

**Injuries Resulting From the Explosion of a Torpedo Not Chargeable to a Railway Company.**

An injury suffered by a licensee about to cross a railway track at a place other than a public highway, caused by the explosion by a passing train of a torpedo placed upon one of the rails for the purpose of signalling the train crew, is not one such as could have been foreseen or reasonably anticipated and does not constitute a cause of action for negligence against the railroad company.

ERROR to common pleas court.

*Horstman & Horstman,* for plaintiff in error.

*Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

**JONES, E. H., J.**

Plaintiff in error was injured by the explosion of a signal torpedo, caused by a locomotive of the defendant company passing over said torpedo, which it must be presumed had been placed upon the track in the ordinary way as a warning or signal to the train crew.

The evidence shows that Dunham at the time of his injury was in the act of crossing the right of way and tracks of the defendant company at the intersection of the tracks with Charles street in what was formerly the village of Madisonville. The right of way at this point is 100 feet in width and is from fifteen to twenty feet higher than the surface of the surrounding ground. Charles street does not cross the right of way, but extends to it on either side. At the time of the injuries complained of Mr. Dunham was about to cross the tracks of the defendant company from north to south, and was standing upon the somewhat steep embankment leading from North Charles street up to the level of the railroad tracks, waiting for the passing of the train whose locomotive caused the torpedo to explode.

Dunham v. Railway.

The allegations of negligence contained in the petition are:

"That the plaintiff was upon said footpath for the purpose of crossing over said embankment, when a torpedo, which had been placed by defendant's employees and agents upon the rails of said track, exploded by a train of cars passing over the torpedo, and that parts of said torpedo struck the left forearm of plaintiff and injured the same so as to permanently disable him from the use of said arm. Plaintiff says that defendant was negligent in placing said torpedo unnecessarily upon said rail at or near the place where the public, including the plaintiff, were accustomed to cross over said right of way along said Charles street."

The trial court, upon motion of the defendant, instructed a verdict in its favor, and it is to reverse the judgment rendered thereon that this proceeding in error is prosecuted.

There is no evidence to show that it is usual for torpedoes or particles thereof to fly through the air upon being exploded in the manner in which this was exploded, and no evidence but that the torpedo was placed where it was for a lawful purpose and in the ordinary course of the conduct and management of the road. Mr. Dunham at the time, in his relation to the defendant company, was a licensee, probably using the right of way with permission of the company for the purpose of crossing from North Charles street to South Charles street. There is evidence showing that the right of way for a long time had been so used although the surrounding territory was not thickly inhabited, Charles street on the north side being an unimproved street and existing only as a paper street upon the recorded plats.

We think under these facts that it would be requiring extraordinary care on the part of the defendant company to hold it liable for the injury sustained by Mr. Dunham, and that the court below was correct in the action taken in directing a verdict for the defendant. We are satisfied from the evidence, and, from our own knowledge gained from personal experience and observation, that the accident was an unusual one, and one which could not have been foreseen by the defendant company or its employees in the exercise of ordinary care. The negli-

gence shown by the evidence is not actionable and could in no event furnish the basis for a judgment. As stated above, there was no evidence offered by plaintiff to show that there was any danger that could have been foreseen from the explosion of the torpedo, or to show that it was usual following the explosion of a torpedo, used in the operation of a railroad, for particles of it to fly at such a distance and inflict bodily harm. The cases cited in the printed brief of defendant in error on page 20 are decisive of this case and furnish ample authority for the action of the court below. See *Miller* v. *Railway*, 78 Ohio St. 309 [85 N. E. Rep. 499; 18 L. R. A. (N. S.) 949; 125 Am. St. Rep. 699], the second paragraph of the syllabus:

"In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as a probable result of an act of negligence, is not actionable."

On page 325 of the opinion in the above case the court say:

"The rule is elementary that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act."

See also *Ann Arbor Ry.* v. *Kinz*, 68 Ohio St. 210 [67 N. E. Rep. 479]; the facts in which case are not like those in the case under consideration by us, but the principle which controls is the same. In the case just cited the Supreme Court in reversing the judgment of both lower courts held that the petition failed to state a cause of action, and that the court erred in refusing to direct a verdict for the defendant below.

We think that the petition of Mr. Dunham fails to state a cause of action and that his evidence fails to show actionable negligence.

The judgment will therefore be affirmed.

**Swing** and **Jones, JJ.,** concur.