BEN STEVENS v. THE STATE.

No. 7557.   Decided May ·16, 1923.

**Selling Intoxicating Liquor—Other Offenses—Argument of Counsel.**

After the jury were impanneled the District Attorney read to them the indictment in another case of selling intoxicating liquor upon a different date, and then informed the jury that he had read the wrong indictment, and in his argument asserted that the defendant was engaged in the business of peddling whisky, to all of which defendant objected, but the court declined to instruct the jury not to consider the argument, the same was reversible error.

Appeal from the District Court of Franklin.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

Opinion states the case.

*F. M. Newsome,* for appellant.—On question of argument of counsel; McKinley v. State, 106 S. W. Rep., 334.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, with punishment of one year in the penitentiary.

John Shirley testified that about March 1st, 1922, on a Sunday morning, he went to appellant's house and purchased from him a quart of white corn whisky; that the transaction occurred in the kitchen where appellant's wife was preparing dinner. Shirley said no one was with him at the time. The state had no other witness. It was shown that he was under indictment for transporting whisky, but it does not appear whether it was the same liquor he claimed to have purchased from Stevens. Appellant denied making the sale, and asserted that Shirley was never at his house when appellant was at home. Mrs. Stevens denied that any such transaction as testified to by Shirley ever occurred in her presence in her kitchen. She said Shirley was never at her home but one time; that on one occasion he came there with Ezra Shepherd and Bill Davis, and that Shirley inquired for her husband, who at that time was not at home; that she so informed them, and they went away; that Shirley did not come in the house, and that she had never seen him in her kitchen. Davis and Shepherd confirm the statement of appellant's wife about the trip to her home with Shirley, the inquiry as to the whereabouts of her husband, and that upon learning he was not at home they left; that upon this occasion Shirley did not go in the house.

It will be seen from the foregoing statement that the truth of the State's evidence was sharply contested. This fact becomes important in view of the alleged errors presented in the only two bills of exception in the record. We are advised from the first one that two indictments were pending against appellant, each charging the sale of intoxicating liquor to Shirley but upon different dates. The case upon trial was No. 4276. After the jury was impaneled the district attorney by mistake read to them the indictment in the other case, being No. 4275. Discovering the error after finishing the reading, he informed the jury he had read the wrong indictment and then presented to them the one in the instant case. The exception is that, however inadvertent the act of the district attorney may have been, it served to place before the jury improperly knowledge of the pendency of another felony charge of a similar character to the prejudice of appellant. The second bill recites that the district attorney in his argument more than once asserted that appellant "was engaged in the business of peddling whisky in Franklin County." The argument was objected to on the ground that there was nothing in the record to sustain the argument save the matter injected by the district attorney in reading to the jury the wrong indictment complained of in bill No. 1. The court declined to instruct the jury not to consider the argument.

Outside the incident of reading the wrong indictment the record is absolutely silent as to the connection of appellant with any whisky transaction whatever except the alleged sale to Shirley in the kitchen. We find no warrant in the proof of this one isolated sale to justify an assertion or conclusion that appellant was engaged in the business of peddling liquor. The jury may have seized upon the incident brought to their attention by having read to them the wrong indictment as supporting the argument. If the argument did not refer to this then it was the assertion of the existence of a new and independent fact not in evidence, harmful in its character, and not justified as a conclusion from the facts legitimately before the jury. Considering the two alleged errors together as we necessarily must under the record as presented, we cannot say they were harmless. To what extent the jury may have relied upon the two incidents and aiding the State's evidence, which was sharply challenged, it is impossible for us to know.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*