# APRIL, 1925.

### ED. BROWN v. THE STATE.

#### No. 8524.   Delivered April 29, 1925.

1.—Manufacturing Intoxicating Liquors—Evidence—Statements After Arrest—Held, Not Res Gestae.

Where after the arrest of appellant at his home, where nothing of an incriminative character was found, he was asked by the sheriff "Where is all that whisky and stuff you have been making down there," to which he replied, it is all over at the other place" such declaration made while under arrest was not admissible.

2.—Same—Declarations After Arrest—Improperly Admitted.

To authorize the introduction of declarations made by the accused after arrest, such statements must be *res gestae*, that is, the crime itself being reflected in the statement, or that the fruits of the crime must be discovered by reason of such statement. In the instant case no evidence whatever of any offense was found at the place where appellant was arrested, and no such evidence was discovered by reason of the statement made by him, and for the error in admitting his statement in evidence, made after his arrest, the cause must be reversed. Following Walker v. State, 2 Tex. C. A. 326, and other cases cited in opinion.

Appeal from the District Court of Ft. Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for the manufacturing of intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*C. I. McFarlane,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Fort Bend County for the manufacture of liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

The facts show that appellant lived in a house designated in the record as "A" and that a still was found in a house designated in the record as "B", and that the house where the still was found was 250 yards from the house occupied by the defendant. The record further shows that at the time the still was found no whiskey or other intoxicant was being manufactured therein. The record further shows that Mr. Hagan, the sheriff of Fort Bend County, in company with some of his deputies, went to the home of appellant and the sheriff stopped at his home and the deputies went on to the house where the still was found. One of the deputies testified that he found the still in the house designated "B" in the record, same not being the home of the appellant.

The only serious contention made by the appellant is found in his bill of exception No. 2. Briefly stated, this bill complains of the court's action in permitting the sheriff to testify as to a conversation he had with the appellant at his home when he searched he appellant's house and arrested him. The sheriff went to appellant's home with a search warrant, which was also in the form of a warrant of arrest, and called appellant to the door, and his testimony shows that from that time on the appellant was clearly under arrest. Under these conditions the sheriff was permitted to testify that he asked the appellant, "Where is all that whiskey and stuff you have been making down there?" and appellant replied, "It is all over to the other place." The bill of exception presenting this matter is very full and complete and is entirely sufficient to show that the appellant was under arrest at the time the statement was made. The bill is approved by the trial court without any explanation whatever. There is but one count in the indictment, that charging the manufacture of intoxicating liquors.

The only theory on which this testimony could have possibly been admissible was that it was res gestae or that the fruits of the crime were discovered by reason of said statement. We are unable to find anything in this bill of exception that would indicate that it came under either of the exceptions to the general rule that prohibits the reproduction of an oral statement made by a party while under arrest. It was not res gestae, because the evidence conclusively shows that at the time the statement was made no liquor was being manufactured. The record negatives the idea that the fruits of the crime were discovered on account of this statement, because the

sheriff's own testimony as shown by the bill of exception discloses that just about the time the appellant made this statement his fellow officers called to him to come on over to the house where the still was found and told him they had found everything over there, and that on going over there in response to their call he found them in possession of the still, and that these parties in possession of it and who called him to come over there and told him they had .found it about the same time the appellant made the statement complained of were his deputies and were the same parties that went down there with him to make the raid. Under this condition of the record, we cannot do otherwise than hold that the testimony objected to was improperly admitted and that its admission was such error as will cause a reversal of this case. Walker v. State, 2 App. 326; Nolen v. State, 14 App. 474; Manning v. State, 51 Texas Crim. Rep. 214; Layton v. State, 52 Texas Crim. Rep. 513; Robertson v. State, 54 Texas Crim. Rep. 21; Chism v. State, 159 S. W. 1185; Murff v. State, 172 S. W. 247; Baggett v. State, 144 S. W. 1136.

We have examined the other matters complained of by appellant, and conclude that some of them will not occur on another trial and that others are not of sufficient importance to require a reversal.

For the error above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.