## SCOTT MILLS V. THE STATE.

No. 8853.    Delivered Oct. 28, 1925.

Rehearing denied Dec. 23, 1925.

### 1.—Manufacturing Intoxicating Liquor—Continuance—Properly Refused.

Where, on a trial for manufacturing intoxicating liquor, a second application for continuance, or "delay" is presented on account of the absence of two witnesses, one of whom is the wife of appellant, and no diligence to secure the attendance of said witnesses is shown, and the testimony of said witnesses as set out in the motion is not shown to be material to any issue in the case, no error is shown in refusing such application.

### 2.—Same—Confession of Accused—Properly Admitted.

Where the accused when approached by officers made a statement to them that if they had come a little sooner they would have caught him making whiskey, and that he had been making whiskey, and a search of his premises disclosed a complete still, and a large quantity of whiskey, his declarations were properly admitted, without reference to whether made after arrest or not, as such declaration was a part of the res gestae.

### 3.—Same—Evidence—Smelling Whiskey—Not Improper.

Where whiskey in jars was exhibited before the jury, having been identified as that found on appellant's premises, the officers also having testified that it was whiskey, and intoxicating, there was no error in

permitting the jury to smell the whiskey, as this court has held in numerous similar cases.

#### 4.—Same—New Trial—Affidavit of Witness—Effect Of.

Where the affidavit of an absent witness is attached to a motion for a new trial, it adds nothing to the diligence used to secure the attendance of such witness. There is nothing in the making of an affidavit which per se affects the question of diligence. It merely takes from the trial court his discretion to say whether or not the averment in the application for continuance that the witness would so testify, is probably true.

#### ON REHEARING.

#### 5.—Same—Argument of Counsel—Bill of Exception—Incomplete.

Where a bill of exception complains of the State's Attorney referring in his argument to the failure of appellant to testify and there is no certificate in the bill that the accused had failed to testify, such bill is incomplete, and presents no matter for our determination. A requested charge instructing the jury not to consider an argument set out, and which is deemed to be a comment on the failure of the defendant to testify, does not amount to a certificate that in fact the defendant did not testify.

#### 6.—Same—Rehearing Refused.

It not appearing on motion of appellant for rehearing that there was any error in our original opinion, and the fact of appellant's guilt being clearly shown, his motion for a rehearing is in all things overruled.

Appeal from the District Court of Nacogdoches County. Tried below the Hon. L. D. Guinn, Judge.

Appeal from a conviction of manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Adams & Moore* of Nacogdoches, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County for manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The sheriff testified that on the 20th day of April, 1923, he went out to appellant's place to search for a still and saw appellant and informed him of his purpose, and that appellant told him if he had gotten there fifteen or twenty minutes before he did they would have caught him making whiskey. Thereupon the officer went to the rear of appellant's house and

in a smokehouse or cellar appellant delivered to them two gallons of whiskey, a cooling barrel and pipes, and three or four burner oil stove, etc. This was all in an underground cellar or smokehouse some eight feet in depth. The oil stove was hot and the entire cellar was very hot from heat apparently generated by the stove. Mash was also found in the cellar, one barrel being freshly put up, practically full of mash. There were three barrels in all. Some of the barrels were in holes dug in the bottom of the cellar and could not be seen without raising trap doors. Some of the liquor found by the witness was also warm, and the still was hot. Witness testified that after finding the still in appellant's cellar or smokehouse he did not think he would have let appellant get away. He further testified that appellant told him he was making whiskey because it was a bread and meat proposition with him; that the merchants and banks would not assist him and he had to do it to get by. This statement was made by appellant before they went into the cellar and found the apparatus, liquor, etc. Witness made a further search of appellant's house and found in his wardrobe two gallons more of whiskey which was under lock and key. Appellant's wife first said that the key to the wardrobe where the whiskey was found, was lost, but when witness insisted she unlocked the wardrobe and witness found the two gallons in there. In the loft or ceiling of the dwelling witness found eight half gallon jars full of whiskey and one full quart. At the time the statements were made by the appellant to witness he had not found any of the liquor. Appellant led the way to the still and delivered the things to witness. The testimony of Sheriff Vaught was substantially corroborated by two other witnesses who also stated that appellant told them that he made the whiskey because he was up against it, could not get credit, could not make a living on the farm and had to make whiskey to make a living. No testimony was introduced on behalf of the appellant.

There are three bills of exception in the record. The first was taken to the refusal of what is styled a motion for delay made because of the absence of appellant's wife and one Maples. It is a second application, and must be so regarded. By Maples appellant only expected to show that he had told appellant how to manufacture liquor. We do not see how the testimony of Maples would be competent. No diligence is shown in regard to said witness. We have carefully examined the application for a continuance in regard to ap-

pellant's wife. It is not shown that any diligence had been used to procure her presence. The general statement is made that she had been subpoenaed, but it is evident from the record that the case had been up for trial at other terms of the court and it is shown that the witness had not been present because of her illness and other causes. Subsequent to this time no other process for said witness is shown to have been issued. There appears in the application statements such as the following: "That the witness will testify that she has been sick for many years," etc. . Also in another place in said application appears the following: "Who is now confined to her bed on account of disease of long standing." It is also stated in the application that appellant's wife is suffering from what is known as floating kidneys, and that at a former time when the case was called for trial she was not present because of illness. The former time referred to seems to have been in September, 1923, some five or six months prior to the instant trial. We think the application lacking in diligence. The deposition of the witness might have been taken if deemed advisable. In addition to the above, it does not appear to us that the testimony expected from the witness would have affected the admissibility of the statements of appellant as testified to by the officers. Appellant was charged in the indictment in two counts, one with the unlawful manufacture of intoxicating liquor, and the other the unlawful possession of such liquor for the purpose of sale. Manifestly all the statements made by appellant would be admissible as part of the res gestae, whether he was under arrest or not. No error appears in the overruling of the application for a continuance.

The conclusion of ours just announced also disposes of bill of exceptions No. 2, which complains at length of the testimony of Sheriff Vaught, Mr. Chandler and Mr. Booth as to statements made by appellant to them when they reached the premises. Not only would the statements appear to be admissible as part of the res gestae of the transaction but also upon the further ground that in connection with the making of said statements and following same up the officers discovered the still, mash, liquor, etc.

The remaining bill of exceptions complains of the fact that the jury were permitted to smell of the contents of the jars, etc. The officers had testified that the liquor was whiskey and intoxicating and the proposition is in nowise disputed

in the record. This Court has often passed upon the matter contained in this objection and held it not erroneous.

The affidavit of appellant's wife attached to the motion for new trial, would be of no avail to him if what we have already said is true and that there was no diligence shown in the application for continuance or postponement made on account of her absence. In our practice, such affidavit goes no further than to reenforce the statement made by appellant in the application for continuance as to what he expects the absent witness to testify, and in similar cases we have held that when the affidavit is made a part of the motion for new trial, it but takes away from the trial court his discretion to say whether or not the averment in the application for continuance that the witness would so testify, is probably true. There is nothing in the making of an affidavit which per se affects the question of diligence in this case. In the application appellant avers that at a term of the court held after the process was issued for his wife and Maples, that Maples was present. We take it that had his wife been present he would have so stated in the application. In fact he testified in a hearing before the court on a motion for new trial that she was not present. Being of opinion that appellant's showing for a postponement or continuance of the case was wholly insufficient, we see no way in which the making of the affidavit would be of any benefit to appellant.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We discussed the three bills of exception in our original opinion. We do not seem to have discussed the special charges which were refused. There are two of same, each of which relates to argument of State's counsel. It is claimed that the arguments set out in each of said special charges were references to the failure of the defendant to testify. Considering said charges and the exceptions to the refusal of the court to give them, noted thereon as bills of exception, we observe that there is no certificate in either bill of the fact that the accused had failed to testify. Under the settled rules of this Court a bill of exceptions must be complete within itself, and the Court will not look to other parts of the record to ascertain the facts upon which the validity of the exception depends. A

bill of exceptions complaining of a reference to the failure of the defendant to testify, must certify in some sufficient way the fact of such failure.    To ask a charge instructing the jury not to consider an argument set out and which is deemed to be a comment on the failure of the defendant to testify, does not amount to a certificate of the judge in any way that in fact defendant did not testify.

In addition to this, we observe in regard to these special charges that there is no certificate of the trial judge that the State's Attorney in fact used the language attributed to him. In our opinion neither of the special charges, even when considered as bills of exception, presents error in its refusal.

This court has often affirmed that when intoxicating liquor is offered in evidence, that the mere smelling of same by the jury manifests no error.

We see no error in our conclusion that if appellant desired the testimony of his wife as a witness in his behalf, her deposition was available to him upon the ground of permanent illness.    The matter is discussed at some length in our original opinion.    The application for postponement or continuance on account of the absence of the wife not being deemed sufficient because of lack of diligence, and because of the permanent physical condition of appellant's wife, the obtaining of her affidavit as to what she would testify if present, would not seem to aid appellant in the matter of obtaining a new trial. We observe that in the affidavit the wife affirms under oath that under present conditions she could not at all go anywhere.

Being unable to agree with any of the contentions made in appellant's motion for rehearing, same will be overruled.

*Overruled.*