## DAN NANTZ V. THE STATE.

No. 9748. Delivered January 27, 1926.

Rehearing denied March 3, 1926.

**1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae—Properly Admitted.**

Where appellant immediately on being arrested charged with manufacturing intoxicating liquor, in reply to a question of the sheriff said "there are no firearms in camp, we did not come here to fight, we just came here to make a little whiskey," such testimony being a res gestae declaration, was properly admitted, without reference to its being in reply to a question propounded by the sheriff.

**2.—Same—Bill of Exceptions—Incomplete—No Error Shown.**

Where a bill of exception complains of the admission of statements of appellant on the ground that appellant was under arrest at that time, it is wholly insufficient. A mere statement of a ground of objection in a bill is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Appellant should incorporate so much of the evidence in the bill as will verify the truth of his objections. See Branch's P. C. Sec. 209.

**3.—Same—Charge of Court—No Error Shown.**

Where all of the issues of law raised by the evidence and the pleadings have been accurately and fairly covered in the court's main charge, no error is presented in his refusing requested charges, and no error appearing in the record, the judgment will be affirmed.

### ON REHEARING

**4.—Same—Evidence—Res Gestae—Rule Stated.**

It is well settled in this state that a statement of the accused may be res gestae, though in answer to a question. What is said by an accused at the time of the commission of the offense is part of the transaction itself and therefore res gestae. The statement made by appellant in the instant case, comes within this rule, and was properly admitted. See Branch's Ann. P. C. pp. 52 and 53 for collation of authorities. Distinguishing Brown v. State, 271 S. W. 917.

### 5.—Same—Bill of Exceptions—Incomplete—No Error Presented.

Where a bill of exception complains of the cross-examination of the appellant, on the ground that it was an inquiry as to an extraneous crime, not connected with the one on trial, and there is nothing in the bill to enable us to discover whether this was in fact an extraneous crime, and not connected with the matter involved in the instant prosecution, no error is presented.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Jno. W. Moyers* and *Ritchie & Randspot* of Mineral Wells, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manufacturing liquor, and the punishment is one year in the penitentiary.

Appellant complains at the court's action in permitting the sheriff to testify that immediately after he told appellant to consider himself under arrest that he said to him, "Where are your guns, Dan?" and that the appellant replied, "there are no firearms in camp, we did not come here to fight, we just came here to make a little whiskey." This testimony was admissible as a part of the res gestae. The sheriff's testimony shows that he found appellant at the still and that the whiskey was running out of the still and that appellant was standing by with a spoon in his hand, tasting it at the time the arrest was made and practically coincident with the time the statement was made. Neither was it a proper objection to this testimony that it was in response to a question.

The bill of exceptions attempting to preserve the complaint with reference to statements made by the appellant with reference to the bedclothes found near the camp, is insufficient to present any error. The only suggestion contained in this bill

that appellant was under arrest at that time is found in his objections to the testimony. "A mere statement of a ground of objection in a bill of exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as will verify the truth of his objections." Sec. 209 Branch's P. C. for numerous authorities sustaining this rule.

There is no merit in appellant's bill of exceptions No. 3. The testimony objected to was clearly admissible for the purpose of impeaching the appellant and besides the record shows that his answer thereto was in the negative.

The record shows that appellant offered various special charges and also made numerous exceptions to the court's charge. We have carefully examined these and think they are without merit. The court in his main charge to the jury submitted the issues involved in a very clear and concise manner and we think that every right that appellant had was fully protected in the charge.

Finding no error in the record, it is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Reviewing appellant's complaint of our opinion, we observe that a statement of the accused may be res gestae though in answer to a question. Branch's Annotated P. C., p. 53, for authorities.

What is said by the accused at the time of the commission of the offense is part of the transaction itself, and therefore res gestae. Branch's Annotated P. C. p. 52, for authorities.

When appellant made the statement held res gestae in our opinion, he was then actually making whiskey, and the statement thus became part of the transaction and admissible. The Brown case, 271 S. W. Rep. 917, cited by appellant, is entirely different in facts and also in the law applicable, as will be seen from an inspection of same.

Appellant objects to our disposition of his bill of exceptions No. 3. Same complains of a question put to appellant by the

state on his cross-examination. He had testified that he left Palo Pinto county in July or August, 1921, and did not return at any time until about Christmas of that year. The state asked him if it was not a fact that at some date between September 1st and December 1, 1921, he was at Mineral Wells with his brother Albert, with a fruit jar full of singlings and was there arrested by the chief of police. The objection made was that this was an inquiry as to an extraneous crime not connected with the one on trial. Before we can appraise the merit of an objection, the truth of the facts stated in a bill as constituting the ground of objection, must be made to appear in such bill. Nothing in the bill under discussion enables us to know whether this was in fact an extraneous crime and not connected with the matter involved in the instant prosecution. The rule is too well settled to need citation of authorities, that a bill of exceptions must be complete within itself and manifest the error therein attempted to be set up.

Being unable to agree with appellant's contention, his motion for rehearing will be overruled.

*Overruled.*