VIRGIL BLALOCK V. THE STATE.

No. 9880. Delivered March 3, 1926.

1.—Manufacturing Intoxicating Liquor—Confession of Defendant—Res Gestae—Properly Admitted.

Where, on a trial for the manufacture of intoxicating liquor, it was proper to admit a statement made by the defendant to the officers shortly after his arrest. Such statement having been made at the still where the liquor in question was being manufactured, and before he left the scene where the offense was committed, and coincident with its commission and being pertinent to the transaction under investigation, it was a part of the res gestae. Following Coburn v. State, 255 S. W. 613, and other cases cited.

2.—Same—Evidence—Properly Admitted.

There was no error in permitting the State to prove that at the time of the discovery of the still they found a man named Riddle about a hundred yards from the still, and also found a lot of fruit jars out where Riddle was. This testimony was admissible to show the different parties who were present and in the immediate vicinity where the offense had been committed.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for manfacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manufacturing intoxicating liquor and the punishment is one year in the penitentiary.

Appellant by his bills of exceptions Nos. 1 and 3 objects to the introduction of a statement made by him to the officers upon the ground that he was under arrest. The statement was made just after he was arrested and while he was at the still where the liquor in question was being manufactured It sheds light on the transaction under investigation and being made before he left the scene where the offense was committed and coincident with its commission it was admissible as a part of the res gestae. Coburn v. State, 255 S. W. 613; Calloway v. State, 244 S. W. 549; Plunk v. State, 274 S. W. 156.

By various other bills of exceptions appellant complains at the introduction of testimony by the officers to the effect that they found one Paul Riddle about one hundred yards from the still and also found a lot of fruit jars out where Paul Riddle was. The objection is that no connection was or had been shown between Riddle and the still or between Riddle and the fruit jars. We think the objection to this testimony was properly overruled. It was admissible to show the different parties who were present and in the immediate vicinity where the offense was alleged to have been committed.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.