JOHN PERKINS v. THE STATE.

No. 11877.   Delivered June 13, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The sheriff testified that there was discovered by him upon the farm of the appellant a still which was manufacturing whisky; also four barrels of mash and several gallons of whisky.   The appellant was present.   According to the officer, the appellant appeared surprised and said:

"Well, you have got me.   How can I get out of it; can't I get out of this some way?"

Appellant testified that while in his field looking for his mules he found the still and other articles mentioned; that he saw a man who was unknown to him run away from the still; that he then took the top off the still and was trying to ascertain how it worked when the sheriff appeared.   The appellant said:   "You got me, but I don't know anything about this thing."   Appellant testified that he did not own the still or any of the equipment and did not know it was there until he found it on the occasion mentioned.

The ruling of the court in receiving in evidence the declaration of the appellant mentioned above was challenged upon the ground that the appellant was under arrest or in custody, and that the receipt of the declaration was inhibited by the confession statute, Art.

727, C. C. P., 1925. The evidence was properly received under the exception to the rule upon the ground that it was res gestae. See Calloway v. State, 92 Tex. Crim. Rep. 508, opinion on motion for rehearing, page 516; Copeland v. State, 249 S. W. Rep. 495; Mills v. State, 277 S. W. Rep. 1077; Rees v. State, 278 S. W. Rep. 451; Taylor v. State, 278 S. W. Rep. 852; Nantz v. State, 280 S. W. Rep. 581; Bing v. State, 280 S. W. Rep. 827; Carrell v. State, 3 S. W. (2d) 435.

The judgment is affirmed.

*Affirmed.*