## L. O. HARRIS v. THE STATE.

No. 12007. Delivered October 31, 1928.

The opinion states the case.

*W. P. Camp* and *Hulbron, Kilday & Howard* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment confinement in the penitentiary for five years.

An inspection of the indictment discloses that appellant's contention that said indictment fails to contain averments showing that it was presented in the district court in which the grand jury was in session cannot be sustained.

A pair of shoes and a suit of clothes were taken from the burglarized house. Several days after the commission of the offense, officers found appellant in possession of a pair of shoes which they suspected of having been stolen. One of the officers testified that when he questioned appellant's right to possession of the shoes, appellant stated that the shoes belonged to him; that he had gotten them from another boy; that if the officers did not believe him he would take them to the boy from whom he acquired said shoes. The officers went with appellant. He carried them to the injured party, telling them, according to the testimony of one of the officers, that he was the person from whom he got the shoes. The injured party claimed the shoes, asserting that they had been taken without his consent. The officers then took appellant to headquarters and preferred charges against him. Appellant objected to the testimony of the officers touching his (appellant's) statement relative to his acquisition of the shoes on the ground that the provisions of Article 727 C. C. P. relating to confessions had not been complied with. It is unnecessary to decide whether appellant was under arrest. He was in possession of the stolen shoes. His statement was admissible as res gestae of his possession when his right was first challenged. The explanation of possession of property alleged to be recently stolen, made while the possession lasts, if made when the party is first directly or circumstantially called upon to explain, is a part of res gestae of possession, and as such is admissible against the accused. Underhill's Criminal Evidence, Third Edition.

Section 471; Wharton's Criminal Evidence, Vol. 2, Section 761; Perry v. State, 41 Tex. 486; Taylor v. State, 15 Tex. Cr. App. 359; Seebold v. State, 232 S. W. 328. Res gestae is independent of, superior to, and cannot be restricted or limited by the rules relating to confessions or admissions made after arrest. Gowans v. State, 145 S. W. 614.

One of the officers testified that appellant stated to him that he had gotten a suit of clothes from the burglarized house at the time he got the shoes, and that he had pawned the suit to Sunset Loan Company under the name of Tom Moore. At the time this statement was made appellant was under arrest. Moreover, the suit of clothes was not in the possession of appellant as it had already been recovered by the injured party's employer from the loan company. The bill of exception bringing forward the matter negatives the fact that said suit was recovered by means of the confession. Proper objection was made to the admission of this testimony. The objection should have been sustained. It is the general rule that a confession made by the accused while under arrest, in the absence of a compliance with the provisions of Article 727 C. C. P., is inadmissible, unless, in connection with said confession, the accused makes statements of facts or circumstances that are found to be true, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. Branch's Annotated Penal Code of Texas, Section 63. In the instant case, the provisions of Article 727 C. C. P. were not complied with; nor was the stolen suit of clothes recovered by means of the confession. Under the decisions of this court, the statement was clearly inadmissible. Baggett v. State, 144 S. W. 1136; Willoughby v. State, 219 S. W. 468; Brown v. State, 271 S. W. 917. In the state of the record, the improper admission of the testimony complained of calls for a reversal. In explaining his possession of the shoes, appellant declared, according to the testimony of the officer, that said shoes belonged to him and that he had gotten them from the injured party. At no time in connection with said statement did appellant admit that he had committed the burglary and stolen the shoes. It was only in connection with the inadmissible statement relative to the suit of clothes that according to the state's testimony, appellant confessed his guilt. That appellant would have been acquitted in the absence of the improper receipt of said testimony is probable. In any event, viewing the entire record, we are unable to reach the conclusion that the error was harmless.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.