ERNEST HERRERA v. THE STATE.

No. 12278. Delivered February 6, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Possessing intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

In a certain house in the city of Houston, upon a search under a warrant, there were found various items of equipment for the manufacture of intoxicating liquor, including a 60-gallon still complete and in operation and a quantity of other articles such as flasks, jugs and other containers suitable for handling and distributing intoxicating liquor, also a quantity of whisky. When the officers arrived the appellant was not present. They waited for his return, and immediately upon his arrival had a conversation with him in which he admitted the ownership of the liquor and equipment and said that the whisky was made for the purpose of sale. The articles mentioned above were all upstairs in the house except five gallons of whisky which were found downstairs. In his testimony the appellant disclaimed the ownership of the property upstairs and claimed that it belonged to one Gomez. He denied that there was any whisky downstairs. According to the appellant's testimony, he had leased the entire premises, lived in the lower part of the house and had sublet the second story to Gomez. Upon his arrival at his home while the officers were there, the appellant said that he had in his car a small quantity of whisky, several bottles of beer and a number of empty flasks. He claimed that he did not know that Gomez was engaged in making whisky.

There are two bills of exceptions. In the first it appears that there were two indictments presented against the appellant growing out of the same transaction; that when the appellant went to trial the State's attorney read to the jury the wrong indictment. When the mistake was discovered the appellant asked the privilege of withdrawing his announcement and that the jury be discharged. In qualifying the bill the court states that upon discovering the mistake the State's attorney, in the presence of the jury, dismissed the

indictment first read, and the court instructed the jury that the appellant was to be tried upon but one case and that the indictment first read in their presence must not be given any consideration by them. Taking note of the evidence adduced and the result of the trial, we think the incident mentioned does not demand or warrant a reversal of the judgment.

Bill No. 2 complains of the receipt in evidence of the admissions made by the appellant after he arrived at his premises and after the officers had discovered the whisky and equipment, claiming in effect that it constituted a declaration while under arrest; that its receipt was against the inhibition of the confession statute, Art. 727, C. C. P., 1925. In qualifying the bill the court states that the declarations were made immediately upon the appellant's arrival at the scene, where the liquor was present on his premises, and the still in operation, and that it was res gestae. This is in accord with our understanding of the statement of facts. The following cases are in point: Hall v. State, 293 S. W. Rep. 1112; Perkins v. State, 8 S. W. (2d) 167; Copeland v. State, 94 Tex. Crim. Rep. 112; White v. State, 278 S. W. Rep. 203; Blalock v. State, 281 S. W. Rep. 210; Taylor v. State, 278 S. W. Rep. 852; Mills v. State, 277 S. W. Rep. 1077.

The judgment is affirmed.

*Affirmed.*