## LOUIS SEIBERT V. THE STATE.

No. 18766.   Delivered February 3, 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*W. Ray Scruggs,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $200 and confinement in jail for 60 days.

The prosecution proceeded under Art. 647, P. C., which reads as follows:

"No person, or any agent of any association of persons or any corporation, shall at any place in this State, engage or assist in pool selling or book making on any horse race or by means of any pool selling or book making, take or accept any bet or aid any other person in betting or taking or accepting any bet upon any horse race to be run, trotted or paced in this State."

The counts of the complaint and information under which appellant was convicted charged that appellant acted individually and as agent of an unknown person and as agent of an unknown association of persons and as agent of an unknown corporation. It is appellant's contention that the complaint and information are fatally defective, in that they embrace an averment that appellant acted as the agent of a person, which is a capacity not comprehended by the statute. In view of the fact that the averment in question is not essential to constitute the offense and may be entirely omitted without affecting the charge against appellant "and without detriment" to the complaint and information, the opinion is expressed that such averment should be properly disregarded as mere surplusage. Branch's Annotated Texas Penal Code, sec. 497.

It was averred in the complaint and information, in substance, that appellant took and accepted one dollar in money from J. F. Balz as a bet on a horse race to be run on the 12th of March, 1936, at Epsom Downs, and that said bet was placed on a horse named "Exchange Club." It is appellant's contention that the proof on the part of the State failed to sustain the averment as to the time the race was to be run. J. F. Balz testified that he went to appellant's place of business on the 12th of March, 1936; that he went up to the counter where they were taking bets and called for five bets at a dollar "to place;" that he placed a dollar on the horse "Exchange Club;" that appellant received the dollar and issued him a ticket. At this juncture we quote from the testimony of the witness as

follows: "I bet on a horse named Exchánge Club to run in the fourth race at Epsom Downs on the 12th day of March, 1936." Again, we quote "That is the ticket given to me in return for my dollar bet on Exchange Club to place on March 12th in a race to be run at Epsom Downs." The proof on the part of the State was also to the effect that Exchange Club ran in a race at Epsom Downs on March 12, 1936. We think appellant's contention that the averment in question was not supported by the proof should be overruled.

In bill of exception No. 2 appellant complains of the argument of the assistant district attorney to the effect that the testimony of J. F. Balz had not been controverted. The bill, as qualified by the trial judge, shows that there were other people at appellant's place of business at the time Mr. Balz placed his bet with appellant. Appellant attempted to except to the qualification by noting his exception under the signature of the trial judge. In short, the exception was not authenticated by the trial judge. Hence the bill must be appraised in the light of the qualification. When so appraised it shows that witnesses other than appellant were in a position to testify as to what transpired on the ocscasion in question. This being true, we would not be warranted in holding that the remarks of counsel for the State constituted a reference to appellant's failure to testify.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant brings to our attention a photostatic copy of bill of exception number two, which shows that in copying same in the transcript the typist made a mistake in letting it appear that the exception to the court's qualification was not authenticated by the trial judge. It being shown by the bill now before us that the qualification thereto was properly excepted to, the qualification cannot be considered. We note, however, from the statement of facts that there were as many as a hundred people in the room where bets were being taken, and back of the screen where appellant was taking the bets two negroes were working in the same cage with

appellant. The bill does not negative the fact that other parties may have witnessed and could have testified about the transaction upon which the State relied, hence the bill fails to show that the argument complained of was a necessary reference to the failure of appellant to testify. See Sec. 264 of Tex. Jur., page 397, for following statement:

"A bill complaining of a statement that certain testimony or facts had not been denied or disproved, or of a reference to the absence of evidence to show certain facts, or of an argument challenging the jury to explain certain matters as being an indirect reference to the failure of the accused to testify, is insufficient when it does not show that no one other than the appellant was in a position to contradict the testimony or to disprove the statement, or to explain the matter."

Many cases are cited supporting the text, among them being Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580.

We also call attention to the fact that the bill of exception does not certify that appellant did not testify as a witness. Mention thereof appears as ground of objection. See 4 Tex. Jur., Sec. 264; Mills v. State, 102 Texas Crim. Rep., 473, 277 S. W., 1077; and other cases cited in Note 15, under the text.

The motion for rehearing is overruled.

*Overruled.*