Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00224-CR

____________

 

GARY LLOYD MILLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 41,468A

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Gary Lloyd Miller of aggravated
assault and sentenced him to forty years= imprisonment in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
challenges his conviction in two issues: (1) the evidence is factually
insufficient and (2) the trial court erred by failing to grant a mistrial
following the State=s erroneous reading of the indictment.  We
affirm.








I.  Factual and Procedural Background

Appellant and Belinda Musgrave met in 2003 and eventually
married.  Their relationship was often strained and volatile.  On Tuesday,
December 14, 2004, Musgrave=s employer informed her that she would not
receive a Christmas bonus that year.  When Musgrave told appellant, he became
extremely upset. Appellant believed that Musgrave would not get a bonus because
her co-workers did not like him and were trying to hurt him through Musgrave. 
He yelled and screamed at Musgrave in the car on the way home and continued his
tirade until Thursday morning at Musgrave=s home.  During
this time, he would go to and from the house regularly.  At one point, he
pulled out Musgrave=s handgun, which she kept under their
mattress, and said that he needed to kill himself or someone else because of
how he felt.  He also pointed the gun at Musgrave=s head, from a
distance of approximately thirty inches, and threatened to kill her if he
believed she was part of the conspiracy.  Musgrave=s adult daughter,
who lived with appellant and Musgrave, heard portions of the fight, including
appellant checking the handgun to make sure it was loaded and threatening to
kill himself or Musgrave.

The State filed charges against appellant, including the
underlying charge of this case and other assault charges.  A jury convicted
appellant and sentenced him to forty years= confinement. 
Appellant timely filed notice of appeal.  He contends that because evidence was
introduced during the punishment phase which cast doubt on Musgrave=s credibility, the
evidence is factually insufficient.  He further contends he should have
received a mistrial when the State erroneously read incorrect language from the
indictment before reading the correct language.

II.  Analysis

A. 
Factual Sufficiency








In his first issue, appellant challenges the factual
sufficiency of the evidence.  When conducting a factual sufficiency review, we
view all of the evidence in a neutral light.  Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).  We may set the verdict aside if: (1) the evidence is
so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006).  However, while we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility.  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that a court should not reverse a verdict it disagrees with, unless
the verdict represents a manifest injustice even though supported by legally
sufficient evidence).  Also, in our review, we must discuss the evidence that,
according to appellant, most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 








Musgrave and her daughter provided the necessary evidence
to convict appellant.  Both testified about the threats he made, and both
testified that a gun was involved in the altercation.  Musgrave testified that
appellant had the gun in his hand, pointed it at her, and put her in fear of
imminent bodily harm.  The jury chose to believe this evidence, as was its
province.  Appellant concedes that this testimonial evidence supports the
verdict, but he focuses on Musgrave=s credibility,
arguing that it was undermined through testimony introduced in the punishment
phase.  Specifically, appellant contends that Musgrave=s inconsistent
statements regarding her previous marijuana use go directly to her credibility
before the jury.  Appellant contends the evidence is factually insufficient
because her testimony was central to the State=s case and,
therefore, so was her credibility.  However, we are limited in our review to
the evidence introduced during the guilt/innocence phase of the trial.  See
Barfield v. State, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001) (noting that
in a bifurcated jury trial on a plea of not guilty, Aevidence that is
introduced at the punishment stage of a trial can have little, if any, effect
on the force of the evidence on the issue of guilt@ and therefore Aour consideration
of the evidence is necessarily limited to that evidence before the jury at the
time it rendered its verdict of guilt@ (internal
quotation marks omitted)).  Therefore, evidence introduced during the
punishment phaseCwhen all of the testimony regarding
Musgrave=s drug use was
introducedCcannot be part of our review.  Thus, we concluded that
the evidence is factually sufficient to support the jury=s verdict, and we
overrule appellant=s first issue.

B. 
Indictment Error

In his second issue, appellant alleges the trial court
erred in failing to grant a mistrial after the prosecutor inadvertently read
the wrong portion of the indictment.  At the beginning of trial, after the jury
was sworn, the State began to read the indictment in the jury=s presence. 
Although this particular case concerned a charge of threatening Musgrave with a
firearm, the State erroneously read the following portion of the indictment
alleging bodily injury before realizing its mistake:

In the name and by the authority of
the State of Texas, the duly organized Grand Jury of Fort Bend County, Texas
presents in the District Court of Fort Bend County, Texas that in Fort Bend
County, Texas, Gary Lloyd Miller, hereafter styled the Defendant, heretofore,
on or about December 14th, 2004, did then and there intentionally, knowingly
and recklessly cause bodily injury to Belinda MusgraveCpardon me, causeCthreatenC 

(emphasis
added).  At that point, appellant objected and the trial court conducted a
bench conference outside the presence of the jury.  The trial court sustained
appellant=s objection, granted a motion to strike the
statements, and granted appellant=s motion to
instruct the jury regarding the error.  The trial court did not grant appellant=s motion for a
mistrial.  

Once the jury returned, the trial court gave the following
instruction:

Ladies and gentlemen of the jury,
the prosecutor misspoke when he was presenting the indictment to you.  The
words that he spoke a while ago are not part of the indictment.  He is now
going to read the indictment and read it properly.

The
State then read the correct indictment. 








Appellant has not sufficiently briefed this issue in
accordance with the rules of appellate procedure.  Tex. R. App. P. 38.1(h).  Appellant=s brief fails to
cite any relevant authority on this issue.  Therefore, he has waived this
complaint.  

In any event, even if this complaint were not waived,
appellant could not receive the relief he seeks.  We have extensively
researched the issue, and, although we have found little relevant case law, it
is clear that when a trial court instructs the jury to disregard reference to
other indictments, the error is cured.  See Carpenter v. State, 596
S.W.2d 115, 124 (Tex. Crim. App.1980) (en banc) (op. on reh=g); Herrera v.
State, 111 Tex. Crim. 644, 13 S.W.2d 831, 832 (1929).  Compare Stevens
v. State, 94 Tex. Crim. 375, 251 S.W. 505, 505 (1923) (reversing and
remanding after wrong indictment was read when there was no curative
instruction from the trial court).  Therefore, appellant=s second issue is
without merit and is overruled. 

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed March 29, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).