Affirmed and Substitute Memorandum Opinion filed December 13, 2007








Affirmed and Substitute Memorandum Opinion filed December 13,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00224-CR

____________

 

GARY LLOYD MILLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 41,468A

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We issued our original opinion on March 29, 2007. 
Appellant filed a petition for discretionary review in the Court of Criminal
Appeals, and on June 14, 2007, we withdrew the March 29 opinion and set this
case for re-submission.  We now issue this substitute memorandum opinion.








A jury convicted appellant Gary Lloyd Miller of aggravated
assault and sentenced him to forty years= imprisonment. 
Appellant challenges his conviction in two issues, arguing (1) the evidence is
factually insufficient and (2) the trial court erred by failing to grant a
mistrial following the prosecutor=s erroneous reading
of the indictment.  We affirm.

I.  Factual and Procedural Background

Appellant and Belinda Musgrave met in 2003 and eventually
married.  Their relationship was often strained and volatile.  On Tuesday,
December 14, 2004, Musgrave=s employer informed her that she would not
receive a Christmas bonus that year.  When Musgrave told appellant, he became
extremely upset. Appellant believed that Musgrave would not get a bonus because
her co-workers did not like him and were trying to hurt him through Musgrave. 
He yelled and screamed at Musgrave in the car on the way home and continued his
tirade until Thursday morning at Musgrave=s home.  During
this time, he would go to and from the house regularly.  At one point, he
pulled out Musgrave=s handgun, which she kept under their
mattress, and said that he needed to kill himself or someone else because of
how he felt.  He also pointed the gun at Musgrave=s head, from a
distance of approximately thirty inches, and threatened to kill her if he
believed she was part of the conspiracy.  Musgrave=s adult daughter,
who lived with appellant and Musgrave, heard portions of the fight, including
appellant checking the handgun to make sure it was loaded and threatening to
kill himself or Musgrave.

The State filed charges against appellant, including the
underlying charge in this case and other assault charges.  A jury convicted
appellant and sentenced him to forty years= confinement. 
Appellant timely filed a notice of appeal.  He contends that the evidence is
factually insufficient because evidence was introduced during the punishment
phase which cast doubt on Musgrave=s credibility and
because the evidence does not establish that the threats were of an imminent
injury.  He further contends that the trial court should have granted a
mistrial when the prosecutor erroneously read incorrect language from the
indictment before reading the correct language.








II.  Analysis

A.  Factual Sufficiency

In his first issue, appellant challenges the factual
sufficiency of the evidence.  When conducting a factual sufficiency review, we
view all of the evidence in a neutral light.  Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).  We may set the verdict aside if: (1) the evidence is
so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006).  However, while we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility.  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that a court should not reverse a verdict it disagrees with,
unless the verdict represents a manifest injustice even though supported by
legally sufficient evidence).  Also, in our review, we must discuss the
evidence that, according to appellant, most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








A person commits aggravated assault if he intentionally or
knowingly threatens another with imminent bodily injury and uses or exhibits a
deadly weapon while committing the assault.  See Tex. Penal Code Ann. '' 22.01(a)(2),
22.02(a)(2) (Vernon Supp. 2006).  Appellant argues that because he threatened
to shoot Musgrave if he believed she was part of the conspiracy against him,
his threat was vague and conditional and thus not a threat of imminent harm. 
We disagree.  A conditional threat can still be imminent, depending on the
circumstances.  See Tidwell v. State, 187 S.W.3d 771, 774 (Tex. App.CTexarkana 2006, no
pet.) (AThe focus of the
inquiry should be whether the threat was >imminent=Cnot merely whether
the threat was conditional.@); Tanksley v. State, 656 S.W.2d
194, 196 (Tex. App.CAustin 1983, no pet.) (AA threat is
essentially conditional in one way or another, and because ' 22.01 defines an
intentional threat of imminent bodily injury as an >assault,= the conditional
aspect obviously does not prevent the threat from constituting an >assault.=@).  Here,
appellant pointed a loaded gun at appellant=s head from a
distance of thirty inches and threatened to shoot her, causing her to fear for
her life.  We conclude the evidence is factually sufficient to support the jury=s finding that
appellant threatened Musgrave with imminent bodily injury.  See Robinson
v. State, 596 S.W.2d 130, 133 n.7 (Tex. Crim. App. 1980) (A[T]he display of a
deadly weapon of and within itself constitutes a threat of the required
imminent harm.@); Tidwell, 187 S.W.3d at 774B75 (finding
evidence that defendant pointed a gun at deputy and thus placed deputy in fear
of bodily harm sufficient to support conviction for aggravated assault); Sosa
v. State, 177 S.W.3d 227, 231 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (concluding evidence sufficient to support finding of
threat of imminent harm when defendant pointed a gun at woman and demanded
money).








Appellant also argues that the evidence is factually insufficient
because Musgrave is not credible, asserting that her credibility was undermined
through testimony introduced in the punishment phase.  Specifically, appellant
contends that Musgrave=s inconsistent statements regarding her
previous marijuana use go directly to her credibility before the jury. 
Appellant contends the evidence is factually insufficient because her testimony
was central to the State=s case and, therefore, so was her
credibility.  However, we are limited in our review to the evidence introduced
during the guilt/innocence phase of the trial.  See Barfield v. State,
63 S.W.3d 446, 450 (Tex. Crim. App. 2001) (noting that in a bifurcated jury
trial on a plea of not guilty, Aevidence that is introduced at the
punishment stage of the trial can have little, if any, effect on the force of
the evidence on the issue of guilt@ and therefore Aour consideration
of the evidence is necessarily limited to that evidence before the jury at the
time it rendered its verdict of guilt@ (internal
quotation marks omitted)).  Therefore, evidence introduced during the
punishment phaseCwhen all of the testimony regarding
Musgrave=s drug use was
introducedCcannot be part of our review.  Further, Musgrave=s daughter
corroborated much of Musgrave=s testimony, including that appellant
threatened Musgrave and that a gun was involved.  Thus, even were we to
consider punishment-phase evidence that undermined Musgrave=s credibility, the
jury could have chosen to credit Musgrave=s testimony in
part based on the corroborating testimony from her daughter.  The jury chose to
believe Musgrave and her daughter, as was its province.

We conclude that the evidence is factually sufficient to
support the jury=s verdict, and we overrule appellant=s first issue.

B. 
Indictment Error

In his second issue, appellant alleges the trial court
erred in failing to grant a mistrial after the prosecutor inadvertently read
the wrong portion of the indictment.  We review a trial court=s denial of a
motion for mistrial for abuse of discretion.  Hawkins v. State, 135
S.W.3d 72, 77 (Tex.
Crim. App. 2004); Hudson v. State, 179 S.W.3d 731, 738 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  AA mistrial is the
trial court=s remedy for improper conduct that is >so prejudicial
that expenditure of further time and expense would be wasteful and futile.=@  Hawkins,
135 S.W.3d at 77 (quoting Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).  Mistrial
is required A[o]nly in extreme circumstances, where the prejudice
is incurable.@  Id.; see also Hudson, 179 S.W.3d at
738 (AA mistrial is an
extreme remedy for prejudicial events that occur at trial and should be
exceedingly uncommon.@).  A prompt instruction to disregard will
usually cure any prejudice resulting from improper testimony regarding an
extraneous offense.  See Hinojosa v. State, 4 S.W.3d 240, 253
(Tex. Crim. App. 1999); Herrero v. State, 124 S.W.3d 827, 836 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).

At the beginning of trial, after the jury was sworn, the
prosecutor began to read the indictment in the jury=s presence. 
Although this particular case concerned a charge of threatening Musgrave with a
firearm, the prosecutor erroneously read the following portion of the
indictment alleging bodily injury before realizing his mistake:








AIn the name and by
the authority of the State of Texas, the duly organized Grand Jury of Fort Bend
County, Texas presents in the District Court of Fort Bend County, Texas that in
Fort Bend County, Texas, Gary Lloyd Miller, hereafter styled the Defendant,
heretofore, on or about December 14th, 2004, did then and there intentionally,
knowingly and recklessly cause bodily injury to Belinda Musgrave@Cpardon me, causeCthreatenC 

(emphasis
added).  At that point, appellant objected, and the trial court conducted a
bench conference outside the presence of the jury.  The trial court sustained
appellant=s objection, granted a motion to strike the
statements, and granted appellant=s motion to
instruct the jury regarding the error.  The trial court did not grant appellant=s motion for a
mistrial.  

Once the jury returned, the trial court gave the following
instruction:

Ladies and gentlemen of the jury,
the prosecutor misspoke when he was presenting the indictment to you.  The
words that he spoke a while ago are not part of the indictment.  He is now
going to read the indictment and read it properly.

Appellant
did not object to this instruction or request that the trial court provide any
additional instruction to the jury.  The prosecutor then read the correct
indictment. 








Appellant argues that by reading the portion of the
indictment indicating that appellant actually injured Musgrave as opposed to
only threatening her, the prosecutor incurably prejudiced the jury by making it
aware of an extraneous offense alleged in the indictment.  The few cases we
found regarding improper references to other indicted offenses indicate that an
instruction to disregard usually cures any prejudice.  See Wells v.
State, 578 S.W.2d 118, 118B19 (Tex. Crim. App. 1979) (concluding that
prosecutor=s ambiguous reference to a previous indictment did not
warrant mistrial, particularly because jury was instructed to disregard); Herrera
v. State, 111 Tex. Crim. 644, 13 S.W.2d 831, 832 (1929) (finding mistrial
not warranted after prosecutor read wrong one of two indictments against
defendant when jury given instruction to disregard); cf. Stevens v. State,
94 Tex. Crim. 375, 251 S.W. 505, 505 (1923) (reversing and remanding after
wrong indictment was read when there was no curative instruction from the trial
court and prosecutor referred to extraneous offense in argument).  This is
consistent with cases involving references to extraneous offenses from sources
other than an indictment, particularly when the reference to the extraneous
offense is brief or vague.  See Rogers v. State, 200 S.W.3d 233, 238
(Tex. App.CHouston [14th Dist.] 2006, no pet.).  Appellant
further argues that the comment was so prejudicial that it could not be cured
by an instruction to disregard.  However, courts have found that extraneous
offense references much more egregious than here were not incurable.  See,
e.g., Paster v. State, 701 S.W.2d 843, 848 (Tex. Crim. App. 1985)
(finding instruction to disregard rendered testimony linking defendant to two
extraneous murders harmless); Herrero, 124 S.W.3d at 836 (concluding
mistrial not warranted for testimony about defendant=s death threat to
witness when trial court instructed jury to disregard).  The prosecutor=s brief,
unembellished reference to an unspecified injury is not so egregious that it
cannot be cured.

Appellant asserts that the trial court=s instruction was
inadequate because the judge falsely told the jury that the prosecutor=s misspoken words Aare not part of
the indictment@ rather than instructing the jury to disregard. 
Appellant neither objected nor requested that the trial court provide a
different instruction, and thus he has waived any such argument on appeal.  See
Sylvester v. State, No. 06-00-00077-CR, 2001 WL 10617, at *3 (Tex. App.CTexarkana Jan. 5,
2001, no pet.) (not designated for publication) (noting appellant failed to
object to instruction that he claimed on appeal was vague); Newcomb v. State,
No. C14-92-00711-CR, 1993 WL 381398, at *8 (Tex. App.CHouston [14th
Dist.] Sept. 30, 1993, no pet.) (not designated for publication) (rejecting
appellant=s argument that trial court=s instruction to
disregard was too weak to be effective, noting that he did not ask for a more
detailed instruction).  Further, even though the trial court did not use the
word Adisregard,@ that was the
essence of the instructionCthat the prosecutor misspoke and would now
read the proper material.  This instruction was adequate to cure any prejudice
from the prosecutor=s misstatement.








We conclude that the trial court did not abuse its
discretion in denying appellant=s motion for mistrial.  Therefore, we
overrule his second issue.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment rendered
and Substitute Memorandum Opinion filed December 13, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).