W. H. Graves v. The State.

No. 13997. Delivered April 8, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*L. D. Stroud* and *Ney Wade,* both of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, robbery; punishment, five years in the penitentiary.

The appellant, W. H. Graves, and one Lester White were jointly indicted for the offense of robbery. A severance was granted on the application of said Lester White and on his application the appellant W. H. Graves was put to trial first.

The appellant contends in his brief that the most important, if not the sole question, in the case is as to the identity of the appellant as being the robber who entered the store and contends that the evidence was insufficint as to the identity of appellant to warrant an issue being submitted to the jury.

The evidence showed that on the night of the 4th of January, 1930, one George F. Gilliam, who is alleged to have been robbed, was in his store in the village of Papalote, located on the main highway between San Antonio and Corpus Christi, and had two guests with him, Bert Hatch and E. S. Underwood, all listening to a radio program. About nine thirty P. M. a stranger to them entered with a drawn pistol and commanded the parties to stick up their hands and face the wall, which command they obeyed. The robber went and robbed the cash drawer and cash register of most of the money and checks it contained and hastily went out the front door. Gilliam, then unarmed, went to the door and saw a stooping figure out in the darkness. He returned to the back part of the store and secured a loaded pistol and came out through the front door onto the highway and saw the tail light of a car some yards distant. He also saw a man, whom he claimed to have been in the store, jump on the running board of said car. He fired five shots out of his automatic pistol at the car, on the running board of which he had seen the man jump.

As to the identity of the appellant as the man who committed the robbery, the witness Gilliam positively identified him and testified the reason he was able to identify him was that when the appellant went to the cash register, he turned around and looked at him and he knew that the man went to the cash register because he saw him when he went there; that he did not just take a fleeting glance at the man when he looked around at him, but took a good deliberate look, and had occasion to notice his features when he looked at him. He described him as having had on a pair of greasy bibbed overalls; that one leg of the trousers was down too long for him, the other leg being rolled up; that they looked like they were two or three sizes too long for him; that he had on an old greasy lumber jack that was too big for him and had on a grayish colored cap, which was the same cap that he had on when he was brought back up to the store after he was arrested. Clothing found the next morning near the place where the appellant's car was at the time of the arrest in a pasture out of which he was seen to come just before his arrest

was testified to by the witness Bert Hatch as being clothing that looked very much like the clothes worn by the man who had robbed them. He also identified appellant to the best of his knowledge by the expression of his eyes.

The witness Underwood, one of the parties who was present at the time of the robbery, testified that the voice of the appellant sounded exactly like the voice of the man who entered the store and told them to stick up their hands and turn their faces to the wall. He also identified the clothes found near the car, meaning the overalls and lumber jack, as the clothes worn by the man entering the store that night.

A fresh bullet hole was found on the rear fender of appellant's car at the time of the arrest and a bullet was found in the casing of his car under said fender of a thirty-two caliber, the same caliber of the pistol that the witness shot at the car with.

There was other evidence in the case which tended to establish the fact that appellant was the person who committed the robbery. We deem this evidence sufficient to show the identity of the appellant as the person who entered the store.

Appellant himself testified, denying that he was the man who committed the robbery, or that he was in any manner connected therewith and also offered evidence tending to prove an alibi.

Bills of exception Nos. 1 and 2 complain of the action of the court in permitting the state to introduce the following testimony from the witness Bert Hatch in response to questions propounded by the district attorney by asking him, "How did the expression and features that you saw of the man who entered the store and said 'Stick em up', compare with the expression and features of this man that was brought back to the store," to which the answer was "Very familiar"; and also complains of the action of the court in permitting the district attorney to ask said witness "How did you identify this defendant when he was brought back to the store that night by the officers as being the man who had entered the store a short time before that and said to you 'Stick them up.'" to which the answer was "By his eyes."

This evidence was not patently and obviously inadmissible per se and under certain circumstances would be admissible and said bill does not show the surroundings, antecedent testimony or other matters from which we might detect error. A bill of exception to be considered must sufficiently set out the proceedings and attendant circumstances below to enable the appellate court to know certainly that error was committed. A bill of exception to the admission or rejection of testimony should be sufficiently explicit to enable the court to fully understand and know all the facts on which the correctness or error of the ruling depends. Ortiz v. State, 68 Texas Crim. Rep., 608, 151 S. W., 1059; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W., 1074; Livar v. State, 26 Texas

App., 115; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W., 1053.

Appellant's bill of exception No. 7 complains that the witness Leet Gilliam was placed on the stand to testify to the finding of certain clothes which the state sought to prove had been worn by the person who had held up and robbed Gilliam's store, on the ground that the witnesses had been put under the rule and that said witness had not observed the rule that had been invoked. The court qualified the bill as follows: "Said witness had not heard any testimony in the case and was not present when witnesses were placed under rule, and only was present on the day he was placed on witness stand." Under this qualification no error is shown.

Bill of exception No. 12 complains that on the hearing of appellant's amended motion for new trial the state in opposition to said motion was permitted to offer the oral testimony of Alfonse Kubala, one of the jurors in the case, to which testimony counsel for the appellant then and there objected because the sworn affidavit of Harvey Nelson, one of the jurors in the case, filed in support of appellant's amended motion for new trial, had not been controverted in the manner required by law and hence any testimony offered by the state without first controverting said sworn affidavit was inadmissible. By said bill appellant evidently assumes that under the circumstances the affidavit of the witness Nelson attached to the appellant's motion for new trial, was bound to be considered by the court and that it established the truth of the averments as to misconduct of the jury and that therefore the burden was upon the state to rebut the presumption of injury and that not having done so by counter affidavit, appellant was entitled to a new trial. Where the motion for a new trial asserts the existence of facts not shown in the record, the burden is upon the accused to establish the truth of the averments and not upon the state to prove they are untrue. The state may take issue with the defendant upon the truth of the causes of the averment in the motion for new trial (as was done in this case). In such cases the judge shall hear evidence by affidavit or otherwise in determining the issue. He is not bound in such cases by the affidavit attached to the motion. He may try the issue either by affidavits or oral testimony. Cade v. State, 96 Texas Crim. Rep., 523, 258 S. W., 484; Crouchette v. State, 99 Texas Crim. Rep., 572.

By bill of exception No. 13 appellant complains that on the hearing of appellant's amended motion for new trial, while the juror Nelson was testifying as a witness for the appellant in support of said motion for new trial, offered to testify to discussions and statements that had been made by the foreman as to personal experiences; that the state objected to such testimony because the allegations set out in the sworn affidavit and in the motion for new trial were too general and did not specifically set out such statements and personal experiences referred to, which objection was sustained by the court and appellant excepted. This bill does not

set out what was expected to be proven by the said juror Nelson, nor what could have been proven by him had he been allowed to testify. It therefore is not complete within itself. We are unable to determine from the bill itself whether the complaint in respect to the ruling is well founded and therefore it cannot be considered. Nantz v. State, 103 Texas Crim. Rep., 285, 280 S. W., 581; Mills v. State, 102 Texas Crim. Rep., 473, 277 S. W., 1077; White v. State, 110 Texas Crim. Rep., 206, 7 S. W. (2d) 1086.

By bill of exception No. 14 appellant complains of the action of the trial court in refusing to give him a new trial upon his allegation of proof that the jury was guilty of misconduct in discussing the appearance, character and guilt of Lester White, a co-defendant, who himself was not present at the trial. There were but two of the jurors offered on said issue, the juror who made the affidavit which was attached to the motion for new trial and the foreman of said jury. The testimony, consisting of more than twenty pages, is set out by permission of the court in question and answer form showing the arguments and contentions of the attorneys and the rulings of the court. The court upon the conclusion of said testimony overruled said motion. After a careful review of said testimony, we are not prepared to say that the court abused the discretion lodged with him. The judgment of a trial court sustaining a verdict will be upheld where testimony conflicted as to whether there was misconduct on the part of the jury. St. Clair v. State, 104 Texas Crim. Rep., 423; Eubank v. State, 104 Texas Crim. Rep., 628.

The appellant also excepted to the action of the court in instructing the jury as to the term "principal". The court in his charge in applying the law to the facts instructed the jury to only convict the appellant if he, the appellant, was the person who committed the robbery. If there was any injury to the appellant by reason of the court's giving in his charge a definition of "principal", it is not shown, he having received the minimum punishment. A charge on the law of principals not authorized by the evidence showing defendant was an actual offender, if error, was not in our opinion in this case injurious to the appellant nor calls for a reversal. Durham v. State, 112 Texas Crim. Rep., 395, 16 S. W. (2d) 1092.

There are other bills of exceptions, none of which we think, if they can be considered, constitute reversible error.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Evidence from third parties of the fact that at some given time or place the accused was identified by some one in the hearing or presence of witness, is undoubtedly in the nature of hearsay testimony, and this is the effect of the holdings in Turner v. State, 232 S. W., 801, and the other authorities cited in support of appellant's motion for rehearing. We have here no such case. The alleged injured party, while a witness, was asked how he identified appellant when he was arrested and brought back to the store on the night of the alleged robbery. The witness answered: "By his eyes". This called for no hearsay. The witness was not reproducing a statement made by some other person in his hearing, but was expressing his own judgment or belief. Nor do we see how same was objectionable as calling for an opinion and conclusion. It seems rather a statement of the belief or knowledge of this witness obtained as a result of the use of his own senses. Peculiarities of features are not unusual, and one who offers to testify that he identified another by his mouth or nose or chin or voice or teeth or eyes, merely states the fact upon which he bases his testimony. In a sense all testimony of identification is, in effect, but the expression of the opinion or conclusion of the witness who,—under all the authorities,—may testify that based upon scars, marks, complexion, size, features, defects, voice or other evidence of conduct by him observed, the person referred to is identified by him. Mr. Branch in sections 2482 and 2483 of his Annotated P. C. cites authorities holding that a witness may state his belief as to the identity of a given person. See also section 108, Underhill's Criminal Ev., 3rd Ed. Whether the witness tells the truth, also the sufficiency of his testimony, are questions for the jury. The use of the expression regarding this testimony: "This evidence was not patently and obviously inadmissible per se" was probably inadvertent. We are of opinion that the testimony was competent, and are of the further opinion that other circumstances in the record strongly supported the proposition of appellant's identity.

The motion for rehearing will be overruled.

*Overruled.*