JACK TERRY V. THE STATE.

No. 18828.   Delivered February 24, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*John L. Poulter*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

The evidence heard in the trial court is not brought forward for review. In the absence of the statement of facts, this court is unable to appraise the bills of exception found in the record.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The judgment was affirmed at a former day of the term, there being at that time no statement of

facts in the record. It is shown that by oversight the district clerk omitted the statement of facts from the record when same was transmitted to this court. The statement of facts is now here and the case will be considered on its merits, upon this motion for rehearing.

The indictment charged appellant with the robbery of R. E. Lee by assault and exhibiting a pistol. On the 11th of August, 1935, a number of parties were engaged in a poker game near a creek. Lee was present but not in the game. Two men appeared on the scene, one armed with a small caliber rifle, the other, with a pistol. They ordered all parties to put up their hands, and took the money which was in the game and also took money from some of the parties, including a dollar and a half from Lee. Appellant was identified as the robber who had the pistol by Lee and some of the others who were present. Other parties present testified that appellant was not one of the robbers; and some were uncertain about it. Appellant did not testify, but witnesses called by him testified to facts which, if believed, would have placed appellant in Fort Worth at the time of the robbery. All of these fact matters were for the jury. There is evidence supporting the verdict.

Lee and Gadsberry, State's witnesses, testified upon the trial and identified appellant as one of the robbers. Bills of exception 1 and 2 bring forward complaint because, over objection, State's counsel was permitted to ask each of said witnesses whether there was any doubt in their minds as to appellant being one of the robbers, to which question each of the witnesses answered, in substance, that he was sure appellant was the man who held the pistol on them and took their money. We discover no error in the matter complained of.

In bill of exception No. 4 appellant complains of the examination of the witness Lines upon the point of the identity of appellant as one of the robbers. Witness testified that he thought one of the robbers was appellant, both from his looks and voice, but that he did not want to swear positively that it was appellant. Objection was interposed when counsel for the State asked the witness if in his best judgment it was appellant. Several questions were then asked witness, the answers to which amounted to the witness saying, in substance, that he thought all the time it was appellant and still thought so, and that he judged it to be appellant. A witness may state his belief or best impression or judgment as to the identity of a person. Branch's Annotated Texas Penal Code, sec., 2483, and cases there cited. See also Burks v. State, 97 Crim. Reports,

113, 260 S. W., 181; Morse v. State, 106 Crim. Reports, 520, 293 S. W., 568.

A witness named Sartin had testified on the present trial, and presumably a predicate for his impeachment had been laid by the State. The court reporter was called by the State as a witness and asked if Sartin at a former trial of this case, during the previous week, had testified to certain things. The witness answered that he had so testified. Objection was interposed that the court reporter's notes would be the best evidence of what Sartin had testified on the former trial. If the court reporter had an independent recollection of Sartin's testimony formerly given he could state what it was the same as any other witness who had heard it. So far as the bill shows, he was not depending on the notes taken by him at the former trial.

The record shows that in the robbery a quantity of silver was obtained by the robbers. By bill of exception No. 6 appellant complains because the State was permitted to prove that subsequent to the robbery, but on the same day, at a point some thirty-five or forty miles from the scene of the robbery, appellant had exchanged silver money for greenbacks. The circumstance may not have been of great probative force but we discover nothing which would make proof of it inadmissible.

W. M. (Mill) Stewart had testified for appellant as to an alibi. Appellant complains in bill of exception No. 7 of the following incident: On cross-examination Stewart was asked by counsel for the State if he had been indicted for having a still at Justin, and replied that he had never been so indicted. The State then called the district clerk, who identified a paper exhibited to her as an indictment against Stewart, charging him with the manufacture of intoxicating liquor in Denton County, which was alleged to be local option territory. When the State offered the indictment in evidence counsel for appellant asked the clerk if Stewart had ever been arrested under the indictment, and she replied that she would have to see the papers. Apparently after examining the papers, she said the capias was indorsed "dismissed on account of liquor cases being dismissed by law." The court then sustained appellant's objection and instructed the jury not to consider the testimony regarding the indictment because the indictment had been dismissed and was not admissible. The court says, in explanation of the bill, that the case against the witness Stewart having been dismissed, the court was of opinion that the fact of witness having been indicted was not admissible to affect his

credit. We think perhaps the court may have committed error in favor of appellant in this respect. It is our understanding of the law that the fact of an indictment for a felony having been returned — if not too remote — is provable for impeachment purposes, regardless of the result of the case or whether it has been disposed of at all. The result here was shown to be favorable to the witness. The incident does not present error calling for reversal.

Having disposed of all the questions presented for review, and finding none of them such as that a reversal should be predicated thereon, it is our opinion that our former order of affirmance should stand, and appellant's motion for rehearing is overruled.

*Overruled.*