**Gilbert MACIAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42609.

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

John W. O'Dowd, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, twenty-five years.

The testimony of the state reflects that the appellant and the assaulted party had been keeping company for about one year before he shot her with a pistol at her home. About one week before the shooting, she told appellant she was not going with him any more. On the day of the shooting, the appellant was at the complainant's home when she arrived about 5 p.m.; he grabbed her arm and said he wanted to talk with her, but she insisted on seeing her baby first. Upon her return to the living room the appellant began begging her to change her mind and to continus going with him, but she declined. This visit culminated in the appellant shooting the pistol six times and hitting the appellant four times.

■ It is contended that the trial court erred by allowing the state to impeach its own witness, Domingo Aguirre, the mother of the complainant.

The complainant lived on one side and her mother on the other side of a duplex. The shooting occurred on the mother's side which consisted of a living room, kitchen, bedroom and bathroom. At the time the shooting occurred in the living room, the mother was in the adjoining kitchen washing clothes with the living room door open.

Domingo Aquirre testified that she heard the appellant begging her daughter to continue going with him but denied there were any loud words or cursing one another. On cross-examination she testified that she did not know whether they were arguing because she never heard any

argument. On re-direct the state sought to clarify this matter by proof that the witness was in position to have heard the argument if there had been one. The record fails to reflect error as the appellant contends. The contention is overruled.

■ The second ground urged as error is the exclusion of the testimony of the defense witness, Idella Charles, relative to statements made to her after the shooting. The appellant urges that the statements were admissible for the reason that they were spontaneous explanations.

The testimony shows that the shooting occurred shortly after the complainant arrived home at 5 p.m.

The witness, Charles, testified that after her mother telephoned her at her home she went to a cafe on Washington Street where she saw the appellant about 6:30 or 7 p.m., and he looked like he was scared, upset and wanted to cry. In the absence of the jury, the witness Charles testified:

"Q  And did he immediately begin to tell you without questions even what happened?

"A  No. He just stood there and I'm the one that asked him what happened.

"Q  And did he respond to that—

"A  The only thing he said—I said Gilbert, what happened, and he said well I think I shot Janie.

"Q  And what else did he say?

"A  And I said what, well, why, and all he said was because she made me so mad and she told me the baby was not mine, she didn't want to live with me no more, and he got so mad he just shot at her."

There is no showing where the witness, Charles, lived, the distance from her house to the cafe, or the distance from where the shooting occurred to the cafe. It appears that at least one hour had elapsed from the

time of the shooting until the conversation took place. It appears that the facts related in the statements made in response to the two questions at the cafe were not res gestae of the shooting. As reflected by the record, the testimony was self-serving and not admissible. No error is presented.

■ The appellant insists that the prosecutor committed reversible error in making the following argument to the jury,

"* * * Why didn't he put me on the stand to find out what the conversation was about. He knew I would tell the truth. I am an officer of this court—"

on the ground that it was unsworn testimony and unethical.

The objection thereto on said grounds was sustained and the jury was instructed not to consider such argument. The motion for mistrial was overruled.

While the complainant was testifying, the court recessed the trial overnight, and she resumed testifying the next morning. When cross-examination resumed, appellant's counsel asked her if she had discussed her testimony given on the previous day with the prosecutor. She stated that they spoke, and he said, "I had done good." She denied that they had any conversation or that he sought to "clarify some things about some dates" which arose during her testimony on the previous day. The conversation inquired about is evidently the one mentioned in the prosecutor's argument. No error is perceived. This ground of error is overruled.

■ The fourth ground is that the trial court erred in admitting into evidence a prior 1961 suspended sentence judgment on the issue of punishment.

This evidence was admissible under the provisions of Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P.; Glenn v. State, Tex.Cr. App., 442 S.W.2d 360. This ground of error is overruled.

The judgment is affirmed.

MORRISON, J., not participating.