George Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43671.

Court of Criminal Appeals of Texas.

April 27, 1971.

■■■■■■■■■■■■■■■■

Stanley F. Swenson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of assault with intent to commit murder without malice; the punishment was assessed by a jury at three years.

First, appellant contends the trial court erred by overruling his motion for an instructed verdict of not guilty because the evidence of his identity "as the person who did the shooting" was insufficient.

Claude Loper stated that on September 21, 1968, he went to a location in Houston near the intersection of Mayle and Peachtree Streets to see a neighbor who he thought was building a house in that area; that he went there in a panel truck that belonged to a tobacco company; that he got out of his truck and started to walk toward the building material and he testified: "As I came closer, this man, the gentleman here, he got the shotgun. He was in a four-door green, I think, Cadillac automobile. For some reason—why I don't know —he got his shotgun out of the back of this car. * * * I had gotten out of the truck and walked across diagonal—right direction, because I thought it was the neighbor. When he got his shotgun out, I thought, no neighbor wouldn't do that. So I immediately turned and went back to the pickup. This man kept coming up the road with a shotgun.

"Q. What did you do then?

"A. I got back into the cab. I was afraid he was going to come up to the cab and shoot me. I laid down. I heard the car drive by slowly two or three different times. That way you don't care to stick your head up for fear you will get shot. Finally when I didn't hear anything, well, it is all right, the man is gone. I don't know why he would even pull the shotgun. Just the minute I raised up on the steering wheel to look, I got the shot in this side.

"Q. Is there any doubt whether or not this person here is the person that shot the gun that day and shot you?

"A. No doubt whatsoever. He didn't have his beard at that time."

He later testified that he could not be "positive" that it was appellant who fired the shot at him, but there was no doubt he [appellant] was the person with the shotgun when he went to the truck.

Robert L. Rhea testified that he was in his yard in the area of the shooting and "I saw the guy get out of the car and shoot the other guy through the windshield." He identified Claude Loper as the person who was shot; then was asked:

"Q. Have you seen the person in the courtroom today that was driving the Cadillac?

"A. I can't swear, but it looks like him [indicating the defendant]."

■ The fact that a witness cannot be positive in his identification goes to the weight of the testimony and not to its admissibility. Terry v. State, 132 Tex.Cr.R. 283, 103 S.W.2d 766; Graves v. State, 118 Tex.Cr.R. 591, 40 S.W.2d 100; Pruitt v. State, 114 Tex.Cr.R. 281, 25 S.W.2d 870.

■ Further, appellant, testifying in his own behalf, admitted that he did the shooting. The court or the jury may rely upon all of the evidence in the case to determine the sufficiency thereof; that offered by the appellant as well as that offered by the state. Preston v. State, Tex.Cr.App., 457 S.W.2d 279; Younger v. State, Tex.Cr. App., 457 S.W.2d 67; Lopez v. State,

Tex.Cr.App., 356 S.W.2d 674; Spears v. State, 103 Tex.Cr.R. 474, 281 S.W.2d 555.

■ The evidence was sufficient to support a finding that appellant was the one who did the shooting.

Appellant's first ground of error is overruled.

■ Finally, appellant contends the trial court erred by overruling certain specified objections to testimony during the punishment stage of the trial.

The objections overruled were to questions asked appellant concerning a prior conviction for aggravated assault.

This evidence of a prior criminal record was clearly admissible under Art. 37.07, Sec. 3(a) Vernon's Ann.C.C.P. See Vanwright v. State, Tex.Cr.App., 454 S.W.2d 406; Macias v. State, Tex.Cr.App., 451 S.W.2d 489; McKenzie v. State, Tex.Cr.App., 450 S.W.2d 341; Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694; Ramos v. State, Tex.Cr.App., 419 S.W.2d 359.

Finding no reversible error, the judgment is affirmed.