**Frank Howard GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45351.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Carver & Carver, by Charles Carver, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, sixteen (16) years.

Appellant and Leroy Jones, Jr., were tried together. Only appellant appeals. According to the State's case, four people were involved in the commission of the offense, Charles Dunn, John Darrington, Leroy Jones, Jr., and this appellant. At the time of trial, Dunn testified as the State's main witness. He had not been indicted. The record reflects Darrington had plead guilty. He did not appear as a witness. Jones' written confession, with all references to appellant deleted, was introduced in evidence. Jones and this appellant were represented by different counsel.

■ Appellant's first ground of error relates to the Leroy Jones' confession. As stated, under the direction of the trial judge, all mention of this appellant was de-

leted from Jones' confession. Appellant claims that the confession, even in its deleted form, still implicated him as a participant in the armed robbery. He cites Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; and Schepps v. State, Tex.Cr.App., 432 S.W.2d 926. However, Bruton, supra, and Schepps, supra, both involved the admission of a defendant's confession without the deletion of references to his co-defendant. Such is not the case here.

The State cites Posey v. United States, 416 F.2d 545 (5th Cir.). We quote therefrom:

"This court, as well as others, has held that there is no error in the admission of a co-defendant's confession, if all references to the other defendants are deleted and there is no 'substantial threat' to the right of confrontation and cross-examination."

The State further relies on United States ex rel. Long v. Pate, 418 F.2d 1028 (7th Cir.). We quote therefrom:

"In the present case appellant did not move for a severance in the trial court, despite the fact that he was informed prior to trial of the existence of his uncle's statement. In Bruton a severance was requested and denied."

We, therefore, conclude since deletion is an effective remedy, as is indicated by our opinion in Schepps, supra, and the 5th Circuit's case of Posey, supra, no error is presented in the case at bar.

Further, a motion for severance was available to this appellant, and though counsel had been aware of the appellant's case for some months, he made no such motion prior to trial.[1]

■ Appellant's second ground of error complains of the admission of testimony,

---

1. At the time Jones' confession was offered, the State's counsel pointed out to this appellant that severance was still available to him and that he would not oppose a motion for severance even at that late date. Counsel for appellant failed to avail himself of this remedy.

taken at the examining trial, which implied that appellant had been arrested as the result of his co-defendant Jones' confession.

As shown above, the confession had been excised of any reference to Griffin. Russell Landry, the police officer to whom the confession was made and who was active in the preparation of the State's case for this trial, testified concerning the taking of Jones' confession. On cross-examination counsel for Jones sought to discredit Landry's testimony by the implication that a trade had been effected in order to secure Dunn's testimony. During redirect examination the State's attorney attempted to bolster Landry's testimony by reading from the testimony of the examining trial in which Landry, in response to questions by Jones' attorney, stated that Jones' confession had implicated this appellant as well as Dunn and Darrington.

Immediately this appellant's counsel objected and just as promptly the Court instructed the jury to "disregard the reading by the District Attorney a moment ago from what [the examining trial testimony] he had in his hand". Nothing further was said concerning the examining trial testimony. We find these instructions distinguishable from those condemned in Bruton, supra, where the Court held that an instruction to the jury, to disregard that portion of a confession which referred to a co-defendant, was insufficient to remove the harm it might cause the co-defendant. In the case at bar, as noted, Jones' confession was submitted to the jury with all reference to Griffin excised. The references to Jones' confession which appellant complains of here do not refer to the admission of the confession and did not arise in relation to the admission of the confession. We hold the Court's prompt instruction, under the circumstances of the case, sufficient. Blassingame v. State, Tex.Cr.App., 477 S.W.2d 600; Craig v. State, Tex.Cr. App., 480 S.W.2d 680.

▪ Ground of error number three is that the evidence is insufficient to corrobo-

rate the testimony of the accomplice witness Dunn.

Mrs. Lorraine LeDoux testified that while working at the Greyhound bus terminal on the night in question, a young Negro male, wearing dark slacks, a dark shirt and a dark corduroy coat, came up on her from behind and began to beat her with a pistol. She stated that although he wore a woman's nylon stocking over his head, it did not cover the lower portion of his face on which he wore a goatee. She identified the appellant by stating variously, on direct and cross examination, "I think he very possibly could be [the man] . . . I said he is the man that hit me . . . I'm reasonably sure he is the man."

The accomplice Dunn testified that appellant wore dark slacks, a dark shirt and a dark corduroy coat on the night in question and that he carried the only pistol which the quartet had when he left the car to enter the station. Officer Roy Gaspard who arrested appellant testified that at the time of his arrest Griffin sported a goatee.

We have examined the record with care and conclude that the testimony falls into the same category as that in Jenkins v. State (Tex.Cr.App., 1972), 484 S.W.2d 900, which held that a less than positive identification is sufficient to corroborate the testimony of an accomplice. See also Williams v. State, Tex.Cr.App., 466 S.W.2d 313.

Appellant's last ground of error arises out of what the trial judge characterized as "an unusual experience". Among the jurors sworn to try appellant was a certain Mr. S who will not be further identified in this opinion. It appears that during the noon recess of the second day of the appellant's trial Mr. S took unto himself a quantity of "the needful" in order to fortify himself for the ordeal of the afternoon.

While driving back to the courthouse he was arrested and jailed by Officer Otis Stokes for driving while intoxicated. Stokes then reported the matter to the Court.

■ At the time the Court was called on to act, Mr. S was in jail, the jury was reassembled after the noon recess, and court was about to reconvene. The Court, in his judgment, decided that Mr. S was disabled and ordered the trial to proceed in accordance with Article 36.29, Vernon's Ann.C.C.P. Disabled, as used herein, means any condition that inhibits the juror from fully and fairly performing the functions of a juror. Absent an abuse of discretion by the trial judge in determining disability of the juror, no reversible error is shown.

Finding no reversible error, the judgment is affirmed.

ONION, P. J., concurs.