Alfonso Maldonado **VALENCIANO**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48722.

Court of Criminal Appeals of Texas.

July 2, 1974.

Wanda Creamer, El Paso, for appellant.

Steve Simmons, Dist. Atty., Anita Ashton, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of robbery by assault, with the punishment being assessed at fifteen (15) years in the penitentiary.

Appellant's sole contention on appeal is that the evidence is insufficient to support the verdict for the reason that the evidence admitted was insufficient to adequately corroborate the accomplice witness' testimony. See Art. 38.14, Vernon's Ann.C.C. P. Since the challenge is made to the sufficiency of the evidence, a narration of the facts will be necessary.

Isadore Wechter testified that he was the owner of the Wechter Wholesale Army Surplus Store in El Paso and that at approximately 5:00 p. m. on February 28, 1972, two Mexican-Americans entered his store, discussed the purchase of some shoes, and after seven or eight minutes of discussing a possible purchase they suddenly attacked him, beat him, stabbed him, and caused serious injury to his mouth, head, lungs, liver and legs. While Wechter was unconscious on the floor of the store, the robbers took his billfold containing some checks, identification cards and other various papers.

During the jury trial of this case on October 17, 1973, more than one and one-half years after the date of the offense, Wechter had difficulty in making a positive in-court identification of the appellant as one of the robbers. He described the suspects as both being Mexican-American, an older one with a moustache, and a younger one without a moustache. He described the moustachioed suspect as being "vicious" and as the one who actually did the stabbing.

On several occasions, the complaining witness testified that he did not see the guilty party in the courtroom, and on other occasions stated, with reference to appellant's identity, "I'm not sure. Maybe not. Maybe yes, because it's been two years (from the date of the offense)." Wechter further testified that it was "possible" that the appellant was the guilty party and that "maybe" he was the man. He stated that he wouldn't "swear to it, but I believe he's the man. I don't like to swear, and I don't like to say something unless I'm absolutely 100 percent sure . . . (but) I think (he is the man)" and "I'm almost sure it's (sic) the fellow."

Wechter also testified that approximately three to five weeks after the assault he was shown photographs by the investigating officers, and at that time he positively identified one of the photographs as being the moustachioed suspect who viciously attacked him. He testified that he signed the photograph on the back as being the suspect that he picked out.

Jerry Lattimer, a detective for the El Paso Police Department, testified that he made an investigation of this robbery and that sometime after the crime, while

Wechter was in the hospital, he showed the complaining witness several photographs, one of which was picked out by Wechter as being the guilty party. Lattimer testified that the photograph chosen by the complaining witness was El Paso Police Department Photograph Number 105931, which he identified as being a photograph of the appellant. Officer Lattimer's testimony identifying the police department photo Number 105931 as the appellant was given without objection, and State's Exhibits 4, 5, 6, and 7 were admitted into evidence.[1]

Robert Ontiveros testified that on the day of the crime he was working at an automotive shop near the complaining witness' store, that he found the complaining witness shortly after the beating, and called the police. Ontiveros further testified that he had noticed appellant and Perez on several occasions earlier in the afternoon in the vicinity of the store, and that the last time he saw them was about 2:30 on the afternoon of the robbery.

Carlos Perez, the accomplice witness, testified that on the morning of February 28, 1972, he and appellant had started drinking, and that they subsequently decided to go to the complaining witness' store to "see what we could steal." Perez further testified that he and appellant attacked Wechter, that the appellant stabbed the complaining witness several times and that he took the billfold from Wechter's pocket after the assault. Perez admitted that he had already entered a plea of guilty to this robbery and had been sentenced to eight years in the penitentiary.

The court charged that Perez was an accomplice witness as a matter of law, and charged the jury pursuant to the provisions of Art. 38.14, supra, which states:

"A conviction cannot be had upon the testimony of an accomplice unless cor-

roborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows commission of the offense."

After eliminating the testimony of the accomplice witness, Perez, we have the testimony of the complaining witness that, while he was not positive that appellant was the guilty party, he still testified that he was maybe the man, it was possible, he believed he was the man, he thought he was the man, and that, finally, he was "almost sure it's (appellant was) the fellow."

■ While the identification was less than positive in this case, this Court has nevertheless held that the fact that a witness cannot be positive of his identification goes to the weight of the testimony, not to its admissibility; therefore, the lack of a positive identification is a jury issue. See Williams v. State, 466 S.W.2d 313 (Tex. Cr.App.1971); Griffin v. State, 486 S.W. 2d 948 (Tex.Cr.App.1972); Jenkins v. State, 484 S.W.2d 900 (Tex.Cr.App.1972); Terry v. State, 132 Tex.Cr.R. 283, 103 S. W.2d 766 (1937); Graves v. State, 118 Tex.Cr.R. 591, 40 S.W.2d 100 (1931); Pruitt v. State, 114 Tex.Cr.R. 281, 25 S. W.2d 870 (1930).

■ Even though the in-court identification was less than positive, we also note that testimony was admitted, without objection, showing that the complaining witness picked out appellant's photograph some weeks after the crime and that the complaining witness was sure that the man picked out in the photograph was the guilty party. Officer Lattimer testified without objection that the photograph picked out by the complaining witness was the appellant. Additionally, we have the testimony of Ontiveros, who placed appellant and the accomplice Perez in the near vicinity of the robbery only hours before.

1. Exhibits 4, 5, 6, and 7 were black and white photographs of Latin-American males, all having moustaches. None of these photographs contained exhibit numbers, but one of the photographs does bear the El Paso Police Department number of 105931.

We hold that the evidence sufficiently corroborated the accomplice witness' testimony in that it clearly "tend[ed] to connect the defendant with the commission of the offense," as required by Edwards v. State, 427 S.W.2d 629 (Tex.Cr.App.1968); Runkle v. State, 484 S.W.2d 912 (Tex.Cr. App.1972), and Cherb v. State, 472 S.W.2d 273 (Tex.Cr.App.1971).

The judgment is affirmed.