Richardson v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-489-CR





CHARLES RICHARDSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 87,774, HONORABLE JON N. WISSER, JUDGE



 





PER CURIAM



 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for 15 years. 1973 Tex. Gen. Laws, ch. 399, § 1, at 883 (Tex. Penal Code Ann.
§ 29.03, since amended). By a single point of error appellant challenges the sufficiency of the
evidence to corroborate the accomplice witnesses' testimony. Tex. Code Crim. Proc. Ann. art.
38.14 (1979). We will affirm the trial court's judgment of conviction.

 On May 25, 1987, two men entered a Stop 'N Go store and took money from the
cash register, which was attended by Miguel Morales. Rafael Alexander and Gerald Anthony
Wallace were accomplice witnesses to the robbery. Alexander testified that on the date of the
offense, he was driving a car in which Wallace and appellant were passengers. During their
drive, appellant spotted a convenience store that he decided would be a good target for the
robbery. Alexander parked the car at a nearby apartment complex. The three decided that
appellant and Alexander would go into the store and that Alexander would carry the knife. 
Appellant and Alexander walked to the counter, appellant asked the clerk for change for a dollar,
and the clerk opened the register. When appellant stepped aside, Alexander displayed a knife and
told the clerk to step back. The clerk complied, and appellant and Alexander reached over the
counter and grabbed the money out of the register. Appellant lifted the money tray out of the
drawer to check it, and the two then left the store. Wallace drove the car from the convenience
store, with Alexander in the back seat directing him.

 Alexander described the knife as a butcher knife with a six- or seven-inch blade;
he stated that he gripped it so that only the blade showed. Alexander estimated that he and
appellant stayed inside the store about 30 seconds. 

 Gerald Anthony Wallace testified that on May 25, 1987, he and appellant were
riding in a car driven by Alexander. Because they had planned to rob a store, Wallace brought
a knife from his house. Appellant picked the store they would rob, and Alexander parked out of
sight of the store. While appellant and Alexander went inside, Wallace moved into the driver's
seat. Appellant and Alexander ran back from the store about seven or eight minutes after leaving;
they jumped into the car, and Wallace drove off. At trial, Wallace identified the butcher knife
used in the robbery. He stated that he had taken it from his home and returned it after the
robbery.

 We test the sufficiency of the evidence corroborating accomplice witness testimony
by eliminating the testimony of the accomplice witnesses to ascertain if other incriminating
evidence exists that tends to connect appellant with the commission of the offense. Edwards v.
State, 427 S.W.2d 629 (Tex. Crim. App. 1968). It is not necessary that the corroboration directly
link appellant to the crime or be sufficient in itself to establish guilt. Reed v. State, 744 S.W.2d
112, 126 (Tex. Crim. App. 1988). The combined, cumulative weight of the incriminating
evidence furnished by the non-accomplice witnesses supplies the test. Id.

 The complaining witness, Miguel Morales, testified that on May 25, 1987, he was
working alone at the Stop 'N Go. At 4:00 or 4:15 a.m., two men came into the store and
approached the counter. The two were young, black men in their early twenties; one was about
6'3" tall, and the other about 5'8." The taller man asked him for one dollar in change. As
Morales looked down at the register, he thought he heard a click. The taller man told him that
if he moved out of the way, he wouldn't get hurt, while the shorter man held a knife. The taller
man then reached over the counter into the register and pulled out the money tray, from which
he began taking money. After the two had taken most of the money, they walked out. The two
men were in the store less than one minute.

 Morales stated that a man named Tony, who had been using the telephone outside
the store, came inside and was present when a police officer arrived to investigate. Morales told
the officer that two men had come into the store and that one was a tall, skinny, black man about
6'3," who had a dark complexion, a close-cropped Afro haircut, and a light moustache; he
described the other as a shorter black man, about 5'8," with a lighter complexion and a stocky
build.

 About one week later, Morales went to the police station to view a photo lineup. 
He identified the taller of the two persons who had robbed the store from among five or six
pictures. When he identified the photograph, Morales was "hundred percent sure" that he was
the person who had committed the robbery. He testified that there was no doubt in his mind about
the person he picked out of the photo lineup.

 At trial, five months after the robbery, Morales was not able positively to identify
appellant. When appellant stood up in the courtroom, Morales testified that appellant's build, hair
style, and complexion were consistent with the person he remembered from the robbery. Morales
testified that he was not sure of appellant's face, but that the rest of appellant's body was
consistent with that of the robber. Morales was not able positively to identify appellant in court
because the robbery happened so quickly and because time had passed since then. He
remembered appellant's face when the police showed him the photographs, but over time he had
forgotten it. 

 Police Officer Mitcheletti testified that he was called to the robbery at the Stop 'N
Go at 4:45 a.m. When he arrived, only Miguel Morales and a man named Anthony Gonzales
were present. Mitcheletti took descriptions of the robbers from both men; he testified at trial that
Morales and Gonzales agreed in their descriptions of the robbers' age, clothing, and physical
characteristics. Police Sergeant Smith testified that he tried, but was unable, to find the witness
Anthony Gonzales after the robbery.

 Police Sergeant Hunt conducted the photographic lineup session with Morales. 
From the six photos he showed Morales, Morales identified that of appellant. Hunt testified that
Morales was positive of the identification.

 On July 21, 1987, Police Officer Jacobson served appellant with an arrest warrant. 
He testified that at 1:00 p.m., he went to an apartment with information that appellant was
present. For about five minutes, Jacobson knocked loudly on the door and yelled that he had a
warrant for appellant. When no one came to the door, he began to force it open. Appellant
meanwhile tried to leave through the back window, but an officer standing by that window kept
him inside. When Jacobson walked into the back bedroom, appellant was standing by the
bedroom window.

 A less-than-positive identification of a defendant is sufficient to corroborate
accomplice testimony. Griffin v. State, 486 S.W.2d 948 (Tex. Crim. App. 1972); Jenkins v.
State, 484 S.W.2d 900 (Tex. Crim. App. 1972). In this case, Morales positively identified
appellant from the photo lineup shortly after the robbery, but could not positively identify
appellant's face at trial. Morales was nevertheless sure at trial that appellant's build, hair style,
and complexion matched those of the robber. Morales' less-than-positive identification of
appellant is sufficient corroboration. See Holland v. State, 654 S.W.2d 745 (Tex. App. 1983),
aff'd, 653 S.W.2d 820 (Tex. Crim. App. 1983) (complainant who did not see burglar's face, but
who identified burglar based on his build, clothing, and fact that complainant knew burglar
provided sufficient corroboration).

 Additionally, appellant's attempt to flee the arresting officers suffices to corroborate
the accomplice witnesses' testimony. Passmore v. State, 617 S.W.2d 682 (Tex. Crim. App.
1981), overruled on other grounds, 744 S.W.2d 112 (Tex. Crim. App. 1988); Cawley v. State,
310 S.W.2d 340 (Tex. Crim. App. 1957). Because sufficient evidence tending to connect
appellant to the robbery exists, we overrule point one. See, e.g., Valenciano v. State, 511
S.W.2d 297 (Tex. Crim. App. 1974) (evidence of complainant's less-than-positive in-court
identification of defendant, his positive photo identification of defendant, and defendant's presence
around scene of crime near time of its commission sufficiently corroborated accomplice
testimony).

 We affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 8, 1992

[Do Not Publish]