MEMORANDUM OPINION




Nos. 04-04-00068-CR, 04-04-00069-CR, & 04-04-00070-CR



Jeffery Scott BUTLER,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2003-CR-2308, 2003-CR-2309, & 2003-CR-2310


Honorable Sharon MacRae, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: January 12, 2005


AFFIRMED

 A jury convicted Jeffery Scott Butler of three counts of Failure to Stop and Render Aid, and
sentenced Butler to two years and six months imprisonment with a recommendation to the trial court
for community supervision. The trial court, following the jury's recommendation, suspended Butler's
sentence and placed him on community supervision for five years. On appeal, Butler complains that
the trial court erred both in failing to suppress the in-court identification by the State's witness, Judith
Sowle and in refusing to admit into evidence a defense video that re-enacted Sowle's viewpoint. We
affirm the judgment of the trial court.

Background

 At approximately 1:00 a.m. on January 1, 2003, the Garcia family left for home from a family
gathering. While on 410 East, the car in which they were traveling, a small white Mazda, began
experiencing difficulties. The car stalled out along a section of 410 East without a shoulder. A
pickup truck, traveling at approximately 85-90 miles per hour, hit the disabled vehicle from behind.
The impact caused severe damage to the car and injured the occupants; one passenger in the car died
from her injuries. The pickup truck did not stop. A grill emblem and a license plate from the pickup
truck, which later led police to Butler, were left behind at the accident scene.

 Mr. and Mrs. Sowle were driving home to San Antonio, Texas from Kerrville. Their route
took them along IH-10 and then 410 East. While driving on IH-10, a truck passed them at a high rate
of speed. When the Sowles turned onto 410 East, they came upon an accident. A white car with
considerable rear-end damage was in the right lane, with another car parked in front of it. Soon after
passing the accident scene, Mrs. Sowle noticed a heavily damaged pickup truck in the parking lot of
Central Park Mall. The pickup truck Mrs. Sowle saw in the parking lot was missing a front headlight
and its grill emblem. Mrs. Sowle saw a man examining the damage to the pickup truck. The man got
into the pickup truck, and drove very fast over curbs to get to the entrance ramp for 410 East. Mrs.
Sowle believed the pickup truck was the one that hit the white car.

 Mrs. Sowle carefully watched the man driving the pickup truck and, once the pickup truck
moved in front of them on 410 East, the Sowles followed the pickup truck. Mr. and Mrs. Sowle each
memorized part of the license plate of the pickup truck. The number they memorized was later
discovered to match that of the license plate left behind at the accident scene.

 The pickup truck traveled erratically, losing fluids and parts. Eventually, the pickup truck
exited 410 East onto Nacogdoches and stopped at a traffic light. The Sowles were unable to exit
quickly enough to follow the pickup truck. The Sowles continued on 410 East. Mrs. Sowle
continued to watch the pickup truck. Mrs. Sowle saw the driver of the pickup truck stopped at the
light through the open window of the pickup truck, and described the driver as having a goatee and
reddish brown, neatly cut hair. The Sowles exited 410 East at the next exit and circled around but
were unable to find the pickup truck; they went home and called the police.

In-Court Identification

 In his first issue, Butler complains that the trial court erred in failing to suppress the in-court
identification by the State's witness, Mrs. Sowle, as an impermissible one-on-one identification. The
trial court held a hearing outside the presence of the jury concerning Butler's motion to suppress Mrs.
Sowle's in-court identification. Mrs. Sowle indicated that she gave her first statement to police on
January 2, 2003. Mrs. Sowle testified that later that day, or the next, she saw the man who had been
driving the pickup truck on television walking out of the courthouse or the police station in Castle
Hills to a police car. On January 16, 2003, Mrs. Sowle returned to the police station to give a second
statement and view a photo array. At that time, Mrs. Sowle chose someone other than Butler from
the photo array. The trial court asked Mrs. Sowle if she was able to identify the man who had been
driving the pickup truck. Mrs. Sowle responded that when she viewed the driver of the pickup truck,
he was in profile to her, but that the man in the courtroom was the driver of the pickup truck. To be
certain, Mrs. Sowle asked if Butler could turn sideways, and the trial court requested Butler do so.
Butler complains that this was an impermissible one-on-one identification. 

 In general, the practice of pre-trial one-on-one identifications is strongly condemned. Stovall
v. Denno, 388 U.S. 293, 302 (1967) overruled on other grounds by Griffith v. Kentucky, 479 U.S.
314 (1987). One-on-one pre-trial identifications are condemned for their suggestive nature and their
conduciveness to irreparable misidentification. See Kirby v. Illinois, 406 U.S. 682, 692 (1972). 

 An in-court identification, however, is admissible unless the defendant establishes through
clear and convincing evidence that the in-court identification was tainted by improper pre-trial
procedure. Cooks v. State, 844 S.W.2d 697, 732 (Tex. Crim. App. 1992); see also Jackson v. State,
628 S.W.2d 446, 448 (Tex. Crim. App. 1982) (indicating that, in the absence of impermissibly
suggestive pre-trial procedures, in-court identification testimony is always admissible) (emphasis
added). Where an appellant complains of improper pre-trial procedures, the determination of whether
the appellant's due process rights were violated depends on an evaluation of the totality of the
circumstances surrounding the identification. Stovall, 388 U.S. at 302. The question to consider is
whether, under the totality of the circumstances, the identification was reliable despite any suggestive
confrontation procedures. Neil v. Biggers, 409 U.S. 188, 199 (1972).

 If the totality of the circumstances demonstrates that there is not substantial likelihood of
misidentification, the in-court identification is admissible. Cooks 844 S.W.2d at 731. When pre-trial
identification procedures are not tainted by suggestiveness, any questions of reliability concerning the
in-court identification are for the fact finder. Manson v. Brathwaite, 432 U.S. 98, 116 (1977). Any
inability of a witness to be positive of his in-court identification goes to the weight of the testimony,
not to its admissibility. Valenciano v. State, 511 S.W.2d 297, 299 (Tex. Crim. App. 1974).
Therefore, the lack of a completely positive identification is a jury issue. Id.

 In this case, Butler does not complain that any pre-trial identification was suggestive or that
the in-court identification was tainted by suggestive pre-trial procedures. Rather, Butler complains
that the in-court identification itself was suggestive and impermissible as a one-on-one identification,
and should have therefore been excluded. Unless an appellant complains of, and then shows through
clear and convincing evidence, that an in-court identification was impermissibly tainted by suggestive
pre-trial procedures, an in-court identification is always admissible. Because Butler fails to complain
about the suggestiveness of any pre-trial procedures, Butler's first issue is overruled.

Viewpoint Video

 In his second issue, Butler complains that the trial court erred in refusing to admit into
evidence a video tape that Butler claims shows that Mrs. Sowle's view of the truck would not have
enabled her to clearly view the driver of the damaged pickup truck. Butler argues that the video
should have been admitted into evidence as an experiment.

 To be admissible, an experiment must be conducted under conditions that are substantially
similar to the event being duplicated. Cantu v. State, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987).
Conditions need not be identical; dissimilarities affect the weight rather than the admissibility of the
evidence. Id. The discretion to admit or exclude experiments rests with the trial court. Id.
Therefore, our review is confined to whether the trial court abused its discretion. Id. A trial court
abuses its discretion in excluding evidence when the experiment was conducted under substantially
similar conditions and circumstances to the event being duplicated. Id. 

 The trial court found that the video did not present a "fair picture of what [could] be seen"
by Mrs. Sowle from the particular section of roadway at issue. While the video was taken from inside
a car similar in size to the car in which Mrs. Sowle was riding, the video was taken from a stationary
point. Mrs. Sowle testified that she turned to watch the truck and its driver. Additionally, Mrs.
Sowle testified that the window on the truck she viewed was open, while the window on the truck
in the video was closed. Finally, as the trial court pointed out, when driving on the highway, signs
can be read and seen clearly. The signs in the video, however, are indiscernible. The trial court did
not abuse its discretion in determining that the experiment was not conducted under substantially
similar conditions and circumstances as Mrs. Sowle's view of the pickup truck. Therefore, the trial
court did not err in excluding the video. Butler's second issue is overruled.

Conclusion

 The judgment of the trial court is affirmed.


 Alma L. López, Chief Justice


DO NOT PUBLISH